JOHN AND CHARLES WHEELER *v.* STATE OF MISSISSIPPI.

1. CRIMINAL PROCEDURE. *Receiving stolen property. Joint indictment. Evidence.*

If two persons be jointly indicted and tried together for receiving stolen property, evidence of a separate receiving by one, without the knowledge or consent of the other, is not admissible over the objection of that other.

2. SAME. *Code* 1892, § 1441. *Punishment.*

In a prosecution for receiving stolen property, if the evidence fails to show the value of the goods to be above twenty-five dollars, the defendant should be given the benefit of code 1892, § 1441, providing that in case the value do not exceed said sum, the punishment should be as for petty larceny.

FROM the circuit court, second district, of Chickasaw county. HON. E. O. SYKES, Judge.

Appellants, John and Charles Wheeler, were jointly indicted and convicted for receiving stolen property. On the trial, proof was admitted of a joint receiving; also, over the objection of Charles, of the receiving by John without the knowledge of Charles, and, over the objection of John, by Charles without the knowledge of John, without compelling the district attorney to elect as to which defendant he would proceed against, and limiting the proof to that one.

The second instruction given for the state is to the effect that the jury should convict, if it believed from the evidence that there was an agreement between a witness, one Thomas, and defendants that Thomas should steal the goods, and they should receive such stolen goods, and that they did receive such stolen goods in pursuance of such agreement, knowing them to be stolen.

*Stovall & Williams*, for appellant.

The court erred in admitting testimony as to Charlie Wheeler's receiving goods from witness in the absence of his co-defendant, John Wheeler; also erred in admitting testimony as to the delivery of stolen goods to John Wheeler in the absence of Charlie Wheeler.

The court seems to have admitted this testimony upon the idea that it was not necessary to show a joint receiving under a joint indictment, but that testimony could be admitted of a receiving by one separate from the other, and that the testimony would be good as to the one.

Mr. Bishop states the law as follows: " Where two persons are jointly indicted for receiving stolen goods, under a single count, one may be convicted and the other acquitted, but not both convicted unless the receiving was joint."

It is the duty of the prosecutor, when it develops in the evidence that the receivings are separate, to elect on which receiving or against which defendant he will ask a verdict, and the one that he asks a verdict against may be convicted and the other discharged, or a separate indictment may be ordered to be found against the other. This rule is founded on the most obvious reason that neither of the defendants should be embarrassed in his trial by the introduction of evidence touching a matter that he is not concerned or connected with. The receiving by one defendant, at a different time and separate from the other, would be a matter in which the other had no interest and with which he was not connected, and it might probably prejudice his case. Hence the rule is that where two are jointly indicted for receiving stolen goods, in a single count, the evidence must show a joint receiving. Bishop's New Criminal Procedure, volume 2, section 988; Roscoe's Criminal Evidence, 872.

*Wiley N. Nash*, attorney-general, for the state, filed an elaborate brief on the facts of the case.

WHITFIELD, J., delivered the opinion of the court.

The second instruction given by the court for the state is fatally erroneous. There is no evidence in the record whatever of any such agreement as is set out in the instruction.

The court also erred in permitting testimony, under this indictment, charging, in a single count, the two defendants with a joint receiving—showing a receiving at one time by Charles separate and apart from John, and without John's knowledge, so far as shown by the record, and a receiving by John separate and apart from Charles, and without the knowledge of Charles — to remain before the jury, where it affected both defendants prejudicially, without compelling the district attorney to elect which one he would proceed against. If it was to be used against one only, the court should have compelled the district attorney to elect as to which one, and exclude as to the other. Says Mr. Bishop, Criminal Procedure, volume 2, section 988: "If a single count charges, not under a separaliter, two persons with receiving stolen goods, one may be convicted and the other acquitted, but not both convicted, unless the receiving was joint, and when, on such count, evidence has been introduced of a receiving by one, if the proof tendered as to the other relates to a different transaction, counsel should object, and the court will either exclude it or compel the prosecutor to elect on which transaction, and against which defendant, he will ask for a verdict, for one, not both, may be convicted." To same effect, 2 Roscoe's Criminal Evidence, 1137, 1138; 20 Am. & Eng. Enc. L., 449 (3); 1 McLain's Criminal Law, section 722; 2 Russell on Crimes (international edition), 426; and see *Ball* v. *State*, 67 Miss., 362.

There is proof here of a joint receiving, but there are two instances of proof of a separate receiving by each, without the knowledge of the other. This last should have been excluded, if conviction was to be sought of both under this indictment; and if of one, then limited to that one. In England this difficulty is obviated by 24 & 25 Vict., c. 96, sec. 94, which pro-

vides that "if upon the trial of any two or more persons indicted for jointly receiving any property, it shall be proved that one or more of such persons separately received any part. or parts of such property, it shall be lawful for the jury to convict upon such indictment such of the said persons as shall be proved to have received any part or parts of such property," and sections 92 and 93 provide that they be tried together, which shows that this could not have been done till the statute was enacted, as is stated in 2 Russell on Crimes (international edition), note (g), p. 419. Such a statute would be a wise enactment here, but this is a matter addressed to the legislature. We deal with the law as it is.

We deem it proper to remark that the proof ought clearly to show the value of the goods received to be at least twenty-five dollars, or the defendants should be given the benefit of § 1441 of the code of 1892.

*The judgment is reversed, verdict set aside, and the case remanded for a new trial.*