### GRANT MARTIN *v.* CITY OF LAUREL.

[63 South. 670.]

1. CRIMINAL LAW. *Assault and battery. Sufficiency of affidavit. Charge of lesser offense.*

An affidavit charging that defendant "did unlawfully resist an officer in the discharging of his official duty by throwing and striking affiant, a policeman,· and refusing to·submit to arrest, sufficiently .charges an assault and battery.

2. SAME.

Though such affidavit intended to charge the defendant with resisting an officer by means of assault and battery and may not be sufficient to charge that offense, yet it does charge an assault and battery, and a conviction thereunder will be treated as a conviction of assault and battery, and where the punishment inflicted was not in excess of that provided for the commission of that crime, the conviction will not be disturbed on appeal.

APPEAL from the circuit court of Jones county.
HON. PAUL B. JOHNSON, Judge.

Grant Martin was convicted under an affidavit charging that he unlawfully resisted an officer by striking him, etc., and appeals.

The facts are fully stated in the opinion of the court.

*J. C. Smith,* attorney for appellant.

*Henry Hilbun,* attorney for appellee.

The record in this case is lost.

SMITH, C. J., delivered the opinion of the court.

Appellant was convicted in the mayor's court, and afterwards on.appeal to the circuit court, upon an affidavit charging that he "did unlawfully resist an officer in the discharge of his official duty by throwing and striking affiant, a policeman, and refusing to submit to arrest."

At the close of the evidence for the state, the court over-
ruled a motion made by him to exclude the evidence, and
after verdict it overruled another motion made by him in
arrest of judgment. The ground of these two motions is
that the affidavit charged no offense known to the law.
This affidavit was evidently intended to charge the ap-
pellant with resisting an officer by means of an assault
and battery.

It is unnecessary for us to decide. whether it sufficiently
charges this offense, for it does sufficiently, though in-
artificially, charge the assault and battery, by means of
which it was committed, and the conviction therefor must
be upheld as one for that crime. 15 Ency. Pl. & Prac. 3.
The evidence amply supports a conviction of assault and
battery, and punishment imposed was not in excess of
that provided for the commission of that crime.

*Affirmed.*