## BLAKELY *v.* STATE.

(Division A.   Dec. 12, 1932.)

[144 So. 864.   No. 30147.]

W. T. Knox, and J. W. Conger, both of Winona, and W. I. Stone, of Coffeeville, for appellant.

**Herbert Nunnery,** Assistant Attorney-General, for the state.

Argued orally by **W. I. Stone**, for appellant, and **W. D. Conn, Jr.**, for the State.

**McGowen, J.**, delivered the opinion of the court.

From a penitentiary sentence, Blakely, the appellant, who was convicted in the lower court for the crime of assault and battery with intent to kill and murder one Powell, appeals.

The evidence discloses, from the viewpoint of the state, that appellant was riding in an automobile on the public highway accompanied by Fred Blakely, who was driving the car. Near a filling station they stopped the automobile, and appellant signaled Powell to approach them, invited him "to take a ride," saying, "If you will get in the car and go with us, I will guarantee you will never breathe another breath." Obviously, Powell declined the invitation. Blakely, the appellant, then pulled out his .45 Colt's automatic pistol and began to use the pistol, as a bludgeon, to beat Powell severely on the head, knocking him to his knees; whereupon Powell besought the appellant not to kill him, but nevertheless the assault continued until Fred Blakely appealed to the appellant, saying: "Don't kill him, somebody will come up and catch you, don't kill him, you have whipped him enough." Thereupon both the appellant and his companion re-entered their car.

Powell, with head bleeding and clothes bloody, was immediately carried to a physician, who found one gash on his head requiring five or six clips or stitches, and two smaller gashes. The pistol, used as a bludgeon,

with which Blakely severely beat Powell, was not shown to be loaded.

First. The appellant offered self-defense and insulting words in denial of the state's account of the affair.

Appellant seeks a reversal, because the trial court refused him an instruction directing the jury to acquit him of the felony, the intent to kill and murder.

The argument of his counsel is that, being then and there armed with a Colt's pistol, appellant could have easily and expeditiously killed Powell by discharging the pistol and slaying his adversary therewith; therefore he did not intend to kill him, as he was not interfered with by any one while beating him. In other words, using the pistol as a bludgeon instead of putting it in service as a firearm negatives any intent to commit murder.

In the first place, it is a complete answer to say that it is not shown that the pistol was loaded and susceptible of use by the discharge therefrom of a bullet. In the next place, he may have thought it less likely to be considered murder if he beat his cowering victim to death, instead of shooting him. The question of intent, the gist of this offense, was for the jury.

Second. It is next urged that the court erred in refusing an instruction requested by appellant advising the jury that, in the event Blakely did not intend to kill and murder Powell, the jury might convict appellant of the constituent misdemeanor, to-wit, assault and battery.

Under the facts of this case, we do not understand why the court refused the instruction. An instruction to that effect was proper in this case, and should have been granted; and, for the error in refusing it, the case will be reversed and remanded for another trial. On these facts, the jury were warranted in finding him guilty either of the felony or of the misdemeanor.

Reversed and remanded.