DANIELS *v.* STATE.

(In Banc.   May 8, 1944.) .

[17 So. (2d) 793.   No. 35353.]

**W. T. Weir**, of Philadelphia, for appellant.

**Greek L. Rice**, Attorney-General, by **R. O. Arrington**, Assistant Attorney-General, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellant was convicted upon a charge of assault and battery with intent to kill and murder. The assault was committed by throwing a pair of pliers from a distance of ten feet, striking the prosecuting witness upon the upper lip. According to the record the assault was unprovoked and unjustified, and resulted in a painful, though not serious, injury.

We find no error in the admission of evidence. The state asked only one instruction, the giving of which is assigned as error. It is as follows:

"The court instructs the jury for the State that if they believe from the evidence in the case beyond reasonable doubt that the defendant Roy Daniels did feloniously, wilfully, and of his malice aforethought, strike, hit and wound Malcom Smith with a pair of wire pliers which you believe was a deadly weapon, at a time when he, the said Roy Daniels, was in no danger of losing his own life or of suffering great bodily harm at the hands of the said Milton Smith, in Neshoba County, Mississippi, about the time testified about, then he is guilty and you should so find and return the following verdict:

" 'We, the jury, find the defendant guilty as charged.' "

The instruction is drawn up under 2 Miss. Code 1942, Sec. 2011. The relevant part of the statute is as follows: "Every person who shall be convicted of . . . any assault . . . and battery upon another with any deadly weapons . . . with intent to kill and murder." The defect in the instruction is evident. The indictment was for assault and battery with intent to kill and murder, yet the instruction authorized conviction thereunder upon proof of a simple assault. We do not reverse the case, since in our opinion a conviction of a higher offense is not warranted.

In Blaine v. State (Miss.), 17 So. (2d) 549, we held that the question, whether certain means used were likely to produce death, was for the jury. However, the intent to murder was not there an element of the offense. Here both the nature of the means used and the quality of the purpose are essential elements of the crime charged. The weapon must be "deadly," or the means likely to produce death, and the intent must be murder. Nor do we disturb those cases holding that the issue of intent is ordinarily for the jury, Blakely v. State, 165 Miss. 503, 144 So. 864, as to which issue the means or force used is often a relevant circumstance. However, in view of the circumstances here, including the parties, the occasion and the means used, we are all agreed that the evidence is in-

sufficient to support a finding beyond all reasonable doubt that the appellant's purpose was to kill and murder.

Conviction of the lesser offense was clearly justified, however, and since it is implicit in the jury's verdict, the cause will not be reversed, but affirmed as a conviction for simple assault and battery, and remanded for appropriate sentence. Martin v. City of Laurel, 106 Miss. 357, 63 So. 670, and cases cited in the dissenting opinion in Bangren v. State (Miss.), 17 So. (2d) 599.

Affirmed and remanded for sentence.