## VASSAR v. STATE.

(In Banc. Oct. 14, 1946.)

[27 So. (2d) 541. No. 36164.]

McFarland & Holmes, of Aberdeen, for appellant.

414

**Greek L. Rice,** Attorney General, by **Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Alexander, J.,** delivered the opinion of the Court.

Appellant was indicted for murder and convicted of manslaughter. We are of the opinion that the evidence warrants a verdict of guilt. Only two other assignments need be noticed.

The first concerns the alleged error in allowing constable Bittle to testify regarding the search for and arrest of appellant, and which disclosed that appellant had lost the pistol used in the homicide while fleeing from the scene, and that the appellant, who was not found in the home of his father, was called by the latter into the house from nearby bushes. We find no error in admitting this testimony. If the circumstances implied flight by the accused, this would be a relevant circumstance; to the extent that his surrender was voluntary, it was available to appellant's advantage. Evidence is not prejudicial merely because incriminatory; it is only when irrelevant words or acts are allowed to intrude upon and deflect the normal course of reasonable deduction. Conclusions thus reached become colored by the witness or jury to harmonize with prejudgments dictated by an existing bias.

The next assignment relates to the granting of a manslaughter instruction to the State. This procedure has been provocative of much discussion by the courts in cases where the evidence shows no element of man-

slaughter. When a case is one of murder or complete justification, trial judges ought not to give to the State nor the defendant instructions upon manslaughter. Yet, we have held repeatedly that where the evidence would warrant a conviction of murder, a verdict of manslaughter will be allowed to stand even though there were no elements thereof shown and no instruction so authorizing such verdict.

The contention has been set at rest by Adams v. State, 199 Miss. 163, 24 So. (2d) 351, where precedent authorities are collected and cited.

Affirmed.

**Sydney Smith, C. J.,** did not participate in this opinion.