DUCKWORTH *v.* STATE.

In Banc. June 12, 1950.

No. 37472 (46 So. (2d) 787)

R. L. Calhoun and D. A. McLeod, for appellant.

R. O. Arrington, Assistant Attorney General, for appellee.

**McGehee, C. J.**

Under an indictment for assault and battery with intent to kill and murder Nathan Coleman, a fifteen year old boy, the accused, Johnnie Lee Duckworth, who was nineteen years of age at the time of the alleged felonious assault, was found guilty as charged and sentenced to serve a term of three years in the state penitentiary.

On appeal he assigns as error the refusal of the trial court to peremptorily direct a verdict in his favor, the refusal of certain instructions, and the overruling of his motion for a new trial on the alleged ground that the verdict of the jury is contrary to the overwhelming weight of the evidence.

The testimony of several witnesses introduced by the State was sufficient to show that the defendant, Johnnie Lee Duckworth, and his brother, Fred, were coming toward Nathan Coleman when the latter had started away from the Lily (of the) Valley Church, immediately following the conclusion of the religious services being held there, and that the defendant had a dirk knife in his hand as he was about to meet the Coleman boy; that he chased the boy back toward the church for a distance of about a hundred yards before stabbing his said victim with the knife three times in the back and once on the back of his head.

The proof for the State further discloses that when the defendant had almost caught up with the Coleman boy with his knife in a drawn position, the boy obtained an automobile truck crank from a nearby truck and struck at the defendant with it before the latter began cutting him. The testimony is conflicting as to whether or not the boy actually struck his assailant with the truck crank

shaft, but under the testimony of the witnesses for the State there was nothing else that the boy could have done to protect himself from the felonious assault about to be made on him by the defendant.

The defense introduced about the same number of witnesses to show that the assault occurred down the road 200 or 250 yards away from the church and out of the presence of most of the State's witnesses. However, a number of the witnesses for the defendant were clearly impeached. His brother, Fred Duckworth, the chief witness for the defense, could not remember how many times he had been convicted for crime. The defendant's own version of what occurred was in the main such that it no doubt appeared to the jury to be wholly unreasonable, and the proof was overwhelming to the effect that the defendant was stabbing his victim in the back as fast as he could until he was stopped when his cousin, Leon Nix, took the knife from him; and the entire proof in the case was such that the defendant should have either been convicted of assault and battery with intent to kill and murder or acquitted on his plea of self-defense. There was no reasonable basis in the testimony for a conviction of the lesser offense of simple assault and battery.

The refused instruction No. 1 requested by the defendant was a comment on the weight of the evidence. The refused instructions Nos. 2 and 3 contained the essential requirement that the jury should believe beyond a reasonable doubt that the defendant intended to kill and murder Nathan Coleman before he could be found guilty as charged. However, an instruction which was given on behalf of the State and one on behalf of the defendant contained the same requirement. Nor was there any error committed in the refusal of the other instructions requested by the defendant, since some of them were erroneous and the others announced principles which were covered by the ten instructions given by the court on behalf of the defendant.

Nor do we find that the conviction of the defendant on the charge laid in the indictment is against the overwhelming weight of the evidence.

The defendant had already had trouble with the father of the Coleman boy earlier during the afternoon, and the father had left the church to go call the officers. Thereupon the defendant returned to his home shortly prior to the assault on the boy, and it was a reasonable inference from the facts and circumstances that the defendant had gone to his home to procure the knife which he later used in the assault.

It is true that there had been no previous trouble between the defendant and the Coleman boy, but it was for the jury to determine as a reasonable inference from all the testimony as to whether or not the assault was committed from a motive of revenge on account of the trouble between the defendant and the boy's father.

The evidence is in conflict as to whether the defendant used a dirk knife or a smaller pocket knife, but the defendant's cousin, Leon Nix, who took the knife from him and prevented him from continuing to cut his victim, testified that he gave the knife to defendant's grandmother, whereas the testimony on behalf of the defendant was to the effect that the pocket knife was delivered to the sheriff by the defendant's father, but which fact the sheriff denied.

The action of the trial court in not authorizing the jury by an instruction to find the defendant guilty of a simple assault and battery was eminently correct since the defendant was either guilty of assault and battery with intent to kill and murder or nothing, without regard to whether he used a dirk knife or a pocket knife. The action of the trial court in refusing to grant an instruction that would invite a compromise verdict under the facts of the case, is sustained by the principles announced in the following cases: Bridges v. State, 197 Miss. 527, 19 So. (2d) 738; Daniels v. State, 196 Miss. 328, 17 So. (2d) 793; Blakely v. State, 165 Miss. 503, 144 So. 864; Vassar

v. State, 200 Miss. 412, 27 So. (2d) 541; and Adams v. State, 175 Miss. 868, 167 So. 59, and the decisions cited therein.

The judgment and sentence appealed from must, therefore, be affirmed.

~ Affirmed.