HOWARD v. STATE.

Division A. Dec. 3, 1951.

No. 38104 (55 So. (2d) 436)

**E. C. Barlow**, for appellant.

**Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**Lee, J.**

Eugene Howard, alias Gene Howard, was convicted of assault and battery with intent to kill and murder Robert Earl Turner. From a sentence of three years and three days in the state penitentiary, he appeals.

The State's version substantiated by five alleged eyewitnesses, was to this effect: Between nine and nine-thirty o'clock that evening, Turner was in company with Annie Laurie Sanders. As they passed by a group of persons, appellant said, "Good evening Mr. and Mrs." To that salutation, Annie Laurie replied, "hello"; but Turner made no response. Immediately appellant said to Annie Laurie, "looks like your old man there can't speak." Turner replied, "Man, I don't have to speak

to you if I don't want to." Appellant then asked, "You want to make something out of it," and Turner replied, "I don't know anything about you, man." Turner kept walking; and when a shot was fired, he turned around, and the appellant shot him in the right arm. Thereupon Turner exclaimed, "You got me, man," and appellant replied, "I know damn well I got you."

The defense version, as given by appellant, his stepfather and another, agreed in substance with that of the State, except that these witnesses had Turner saying that he did not have to speak, and asking "You want to make something out of it." Their testimony was also to the effect that Turner advanced upon appellant, and that the shot was fired in self-defense. On cross-examination, appellant admitted that Turner had not cursed him; had not threatened to jump on him; had not talked angrily; there had been no serious words between them; and he did not know Turner.

It is therefore obvious that if the State's theory was true, appellant made an unprovoked attack upon Turner with a deadly weapon; that he fired the deadly weapon twice; and one of the shots struck Turner. Besides, when Turner exclaimed, "Man, you got me," appellant said, "I know damn well I got you," indicating that he had accomplished what he had intended.

If the defense theory was true, it tended to establish self-defense.

 Disputed issues of fact are, of course, for the jury. Hatcher v. State, 210 Miss. 661, 50 So. (2d) 387; Miller v. State, Miss., 51 So. (2d) 576; Clanton v. State, Miss., 49 So. (2d) 267, and authorities there cited.

But appellant contends (1) that the shooting occurred on the spur of the moment; there was an absence of malice, since the parties did not know each other; there was no time for premeditation; and that the evidence was insufficient to sustain guilt of a greater degree than an assault and battery. In other words, if Turner had been killed, the offense would have been no more than

manslaughter. And (2) his failure to fire other shots, when he could have done so, was strong evidence of a mere assault and battery—a misdemeanor.

A sufficient answer to the first contention is that, as early as Jeff v. State, 37 Miss. 321, Id., 39 Miss. 359, the unlawful use of a deadly weapon was said to be prima facie evidence of an intent to kill. Besides, the issue of intent is ordinarily for the jury. Blakely v. State, 165 Miss. 503, 144 So. 864; Daniels v. State, 196 Miss. 328, 17 So. (2d) 793. ▮▮ It is also well settled that no particular period of deliberation is required to make a killing deliberate, since malice may be suddenly formed, even in an instant. Williams v. State, 163 Miss. 475, 142 So. 471; Johnson v. State, 140 Miss. 889, 105 So. 742; Carter v. State, 199 Miss. 871, 25 So. (2d) 470.

As to the second proposition, Ceary v. State, 204 Miss. 299, 37 So. (2d) 316, is a complete answer. It was there recognized that ▮▮ the test, in such a case, is whether or not the accused intends to kill and murder at the time he fires the shot, or otherwise inflicts a wound.

▮▮ The State's proof was sufficient to make out the crime charged, since it would have amounted to murder, if Turner had been killed. The State was therefore under no duty to ask for an instruction defining the lesser crime of assault and battery. In view of the appellant's testimony that he was shooting to scare and with no intent to kill, no doubt the trial court would have given such an instruction if appellant had requested it. But he did not do this, and consequently he cannot now complain on that account.

Thorough consideration has been given to the several assignments, together with the motions for a directed verdict, and the refusal of certain instructions. However, we deem them of insufficient merit to entitle the appellant to a new trial.

Affirmed.