## BELL *v.* STATE

No. 43333          January 11, 1965          170 So. 2d 428

*Williamson, Pigford & Hendricks,* Meridian, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

KYLE, P. J.

The appellant was indicted at the May 1964 term of the Circuit Court of Lauderdale County for the embezzlement of gasoline credit cards issued by various oil companies to his employer, Stephens Funeral Home, Inc. The appellant, being represented by counsel, by leave of court, entered a plea of nolo contendere, and on May 8, 1964, was sentenced to two years imprisonment in the state penitentiary.

On May 25, 1964, the appellant, having obtained new counsel, filed a motion for permission to withdraw his plea of nolo contendere and assigned as grounds therefor the following: (1) That the indictment attempted to charge a crime for which the appellant had already been tried, and a plea of res judicata or former jeopardy might have been interposed, if the point had been properly raised before the defendant entered his plea of nole contendere; and (2) that the defendant verily believed the indictment charged no crime known to the law and was demurrable. The defendant on the same day also filed a demurrer, in which he alleged (1) that the indictment charged no crime known to the law, and (2) that the indictment was wholly void in failing to set forth a valid description of the property alleged to have been embezzled or the value of same.

The court overruled the defendant's motion to withdraw his plea of nolo contendere. The court also overruled the defendant's demurrer. The case is now before us on the defendant's appeal from the judgment rendered against him on May 8, 1964, and the orders entered on May 25 overruling the defendant's motion for permission to withdraw his plea of nolo contendere and overruling the defendant's demurrer to the indictment.

The appellant has assigned and argued three points as ground for reversal of the judgment, as follows: (1) That the court erred in sentencing the appellant to serve two years in the state penitentiary after accepting the plea of nolo contendere to a void indictment; (2) that the court erred in refusing to allow the appellant to withdraw his plea of nolo contendere and to introduce evidence showing that Section 22 of the Mississippi Constitution had been violated by the trial court and that the appellant's liberty had been twice placed in jeopardy for the same offense; and (3) that the court erred in overruling the demurrer filed by the appellant to the indictment.

■■ We think there is no merit in the appellant's contention that the indictment was void. The description of the credit cards alleged to have been embezzled is in our opinion sufficient to withstand a demurrer. The statute under which the indictment was drawn, Mississippi Code Annotated section 2116 (1956), does not require that the value of the property be stated in the indictment.

In 18 Am. Jur., Embezzlement § 7 (1938), it is said: "The value of the property is not necessarily an element in the offense of embezzlement although value usually, but not always, determines whether the offense committed is a felony or merely a misdemeanor. It is well settled, however, that an embezzled article must not be wholly without value * * *."

The credit cards described in the indictment in this case were the property of the person, firm or corporation to whom they were issued. They had a value to the owner, although the value may have been only a nominal value.

■■ We think the court erred, however, in sentencing the appellant to serve two years in the state penitentiary after the plea of nolo contendere had been accepted.

Since no value was alleged in the indictment and no proof was taken to show the value of the credit cards, the appellant was entitled to the benefit of Mississippi Code Annotated section 2538 (1956), which expressly provides as follows: "In convictions for receiving stolen goods and obtaining money under false pretenses, and for embezzlement, if the value of the money or property received or obtained, or embezzled, be less than twenty-five dollars, the offense shall be punished as petit larceny, except where the stolen goods, or property, are neat or horned cattle, the offense shall be punished as for the larceny of such horned or neat cattle.

The punishment for petit larceny is prescribed in Mississippi Code Annotated section 2242 (1956), which provides in part as follows: "If any person shall feloniously take, steal and carry away any personal property of another, under the value of twenty-five dollars ($25.00), he shall be guilty of petit larceny and shall be punished by imprisonment in the county jail for not exceeding three months, or by fine not exceeding one hundred dollars ($100.00), or both; but any person who shall take, steal and carry away feloniously any swine or sheep or goats of another under the value of twenty-five dollars ($25.00), shall be punished by imprisonment in the county jail not less than one, nor more than six months, or by fine not less than twenty-five dollars ($25.00), nor more than one hundred dollars ($100.00), or both * * *."

In the case of Wheeler v. State, 76 Miss. 265, 24 So. 310 (1898), this Court held that in a prosecution for receiving stolen property, if the evidence fails to show the value of the goods to be above twenty-five dollars, the defendant should be given the benefit of Code 1892 § 1441, providing that in case the value does not exceed said sum, the punishment should be as for petit larceny.

The charge alleged in the indictment in this case should have been treated as a misdemeanor, as in the Wheeler case, supra, and the punishment imposed should have been such punishment as is prescribed for petit larceny.

■■ This Court, however, has held in several cases that where there is a valid conviction but a milder type of punishment should have been imposed, the judgment of conviction will not be set aside and a new trial granted merely because of the error of the court in fixing the punishment. Such error only entitles the party injured to a reversal of the judgment as to the punishment and a remand of the cause to the trial court for the imposition of such milder type of punishment. See Washington v. State, 222 Miss. 782, 77 So. 2d 260 (1955); Edgar v. State, 202 Miss. 505, 32 So. 2d 441 (1947); Daniels v. State, 196 Miss. 328, 17 So. 2d 793 (1944); Little v. State, 8 So. 2d 464 (Miss. 1942); Smithey v. State, 93 Miss. 257, 46 So. 410 (1908).

■■ There is no merit in the appellant's contention that the court erred in overruling the appellant's motion for permission to withdraw his plea of nolo contendere and introduce evidence to show that Section 22 of the Mississippi Constitution had been violated and that the appellant's liberty had been twice placed in jeopardy for the same offense. It is not claimed that there was any other state prosecution arising out of the appellant's alleged embezzlement of the credit cards described in the indictment, and proof of the facts which the appellant's attorney proposed to prove, that is to say, that the appellant had been sentenced by a federal court in another state to imprisonment in a federal penitentiary for a period of five years for violation of Title 18, section 2314 U.S.C.A., and that the appellant had served a portion of the five-year sentence and had been placed on probation, would not have constituted a valid defense to the charge made in this case. United States

v. Lanza, 260 U.S. 377, 67 L. Ed. 314, 43 S. Ct. 141 (1922); Abbate v. U.S., 359 U.S. 187, 3 L. Ed. 2d 729, 79 S. Ct. 666 (1958).

"Where the same transaction constitutes a crime under the laws of the United States and also under the laws of the state, accused may be punished for both crimes, and an acquittal or a conviction in the court of either is no bar to an indictment in the other, in the absence of statutory provisions to the contrary." 22 C.J.S., *Criminal Law* section 296 d (1961); and cases cited.

For the reasons stated above the judgment of the lower court will be affirmed as to the court's acceptance of the appellant's plea of nolo contendere, but reversed as to the sentence of imprisonment in the state penitentiary, and the cause will be remanded to the lower court for the imposition of proper punishment as provided in Code Section 2538, supra.

No appeal bond appears to have been executed by the appellant; and it appears from the brief filed by the attorney general that the appellant has been in jail continuously without bond since May 8, 1964. It was not the appellant's fault that he was improperly sentenced to imprisonment in the state penitentiary for a term of two years; and under these circumstances it is only fair that he be given credit for the time he has been in official custody since May 8, 1964. 24 C.J.S., *Criminal Law* section 1589 b (1961).

Affirmed as to court's acceptance of appellant's plea of nolo contendere and reversed as to sentence of imprisonment, and remanded for imposition of proper punishment.

*Rodgers, Jones, Brady and Patterson, JJ.,* concur.