236 So.2d 757 (1970)
Albert Kenneth BANKSTON
v.
STATE of Mississippi.
No. 45667.
Supreme Court of Mississippi.
June 1, 1970.
David B. Clark, Brandon, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
Albert Kenneth Bankston was convicted in the Circuit Court of Rankin County of the armed robbery of the Citizens National Bank of Plain, Mississippi, (Mississippi Code 1942 Annotated section 2367 [1956]), and sentenced to serve a term of 45 years in the penitentiary. This appeal is from that conviction and sentence.
Prior to his trial in the Circuit Court of Rankin County, Bankston had been convicted in the United States District Court for the Southern District of Mississippi, of the federal offense of robbing the Citizens National Bank of Plain and sentenced by that court to serve 25 years.
Both convictions involved and were based upon the robbery of the Citizens National Bank of Plain by Bankston on September 11, 1968, this robbery having been a crime both against the United States and the State of Mississippi.
On appeal, Bankston's principal contention is that his conviction of the offense against the United States barred his subsequent prosecution in the Rankin County Circuit Court for the offense against the State of Mississippi based upon the same unlawful act and that his trial in the latter court unconstitutionally exposed him to double jeopardy contrary to Mississippi Constitution, Article 3, section 22 (1890) and the Fifth Amendment of the Constitution of the United States.
*758 To support this proposition he cites the case of Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). In proceedings in a court of the State of Maryland, Benton was indicted for burglary and larceny. Upon his trial, a jury found him not guilty of larceny but convicted him of burglary. Because, in the view of the Maryland Court of Appeals, both the grand and petit juries had been unconstitutionally selected, the case was remanded to the trial court. The defendant was reindicted and again placed on trial. Upon his second trial, again for both burglary and larceny, the defendant's motion to dismiss the larceny charge upon the ground that it exposed him to double jeopardy was denied by the trial court. Benton was then found guilty of both offenses and given sentences of 15 years on the burglary charge and 5 years for larceny. The Maryland Court of Special Appeals rejected Benton's claim of double jeopardy on the merits and the Maryland Court of Appeals denied discretionary review. The Supreme Court of the United States granted certiorari and reversed.
The decision is of considerable significance because it overruled Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937) and held that the double jeopardy clauses of the Fifth Amendment of the United States Constitution is applicable to the several states through the Fourteenth Amendment of that document. Benton's conviction of larceny was reversed upon the ground that, having been tried upon that charge and acquitted in the Maryland state court, he could not again be placed on trial by the state court for the same offense against the criminal laws of the State of Maryland.
The decision in Benton does not overrule or reach the question here presented. Many decisions of the United States Supreme Court sustain the proposition that trial or conviction or acquittal upon a charge of violating a state criminal law does not bar prosecution of the offender upon a charge of violating the criminal laws of the United States although the offense, in each case, is constituted by the same unlawful act or conduct or is based upon the same transaction. The reverse of this proposition has also been upheld in a number of cases.
In Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959) the United States Supreme Court, in addressing itself to this question, held:
Constitutional challenge to successive state and federal prosecutions based upon the same transaction or conduct is not a new question before the Court though it has now been presented with conspicuous ability. The Fifth Amendment's proscription of double jeopardy has been invoked and rejected in over twenty cases of real or hypothetical successive state and federal prosecution cases before this Court. While United States v. Lanza, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314, was the first case in which we squarely held valid a federal prosecution arising out of the same facts which had been the basis of a state conviction, the validity of such a prosecution by the Federal Government has not been questioned by this Court since the opinion in Fox v. Ohio (U.S.) 5 How. 410, 12 L.Ed. 213, more than one hundred years ago.
In Fox v. State of Ohio argument was made to the Supreme Court that an Ohio conviction for uttering counterfeit money was invalid. This assertion of invalidity was based in large part upon the argument that since Congress had imposed federal sanctions for the counterfeiting of money, a failure to find that the Supremacy Clause precluded the States from punishing related conduct would expose an individual to double punishment. Mr. Justice Daniel, writing for the Court (with Mr. Justice McLean dissenting), recognized as true that there was a possibility of double punishment, but denied that from this flowed a finding of preemption, concluding instead *759 that both the Federal and State Governments retained the power to impose criminal sanctions, the United States because of its interest in protecting the purity of its currency, the States because of their interest in protecting their citizens against fraud.
On the date of the decision by the United States Supreme Court of Bartkus v. Illinois, supra, it also decided Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). In Abbate, the defendants were convicted in an Illinois court of violating an Illinois statute making it a crime to conspire to injure or destroy the property of another. Thereafter the defendants were indicted in the United States District Court for the Southern District of Mississippi on charges, growing out of identical facts, of having conspired to destroy parts of a federally operated and controlled communications system. The United States Court of Appeals for the Fifth Circuit affirmed the conviction and on certiorari the United States Supreme Court likewise affirmed. In that case, the Court, speaking from United States v. Lanza, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922) stated:
A unanimous Court, in an opinion by Chief Justice Taft, held:
We have here two sovereignties, deriving power from different sources, capable of dealing with the same subject-matter within the same territory. * * * Each government in determining what shall be an offense against its peace and dignity is exercising its own sovereignty, not that of the other.
The Court went on to say:
Petitioner asks us to overrule Lanza. We decline to do so. No consideration or persuasive reason not presented to the Court in the prior cases is advanced why we should depart from its firmly established principle. On the contrary, undesirable consequences would follow if Lanza were overruled. The basic dilemma was recognized over a century ago in Fox v. State of Ohio. As was there pointed out, if the States are free to prosecute criminal acts violating their laws, and the resultant state prosecutions bar federal prosecutions based on the same acts, federal law enforcement must necessarily be hindered. For example, the petitioners in this case insist that their Illinois convictions resulting in three months' prison sentences should bar this federal prosecution which could result in a sentence of up to five years. Such a disparity will very often arise when, as in this case, the defendants' acts impinge more seriously on a federal interest than on a state interest. But no one would suggest that, in order to maintain the effectiveness of federal law enforcement, it is desirable completely to displace state power to prosecute crimes based on acts which might also violate federal law. This would bring about a marked change in the distribution of powers to administer criminal justice, for the States under our federal system have the principal responsibility for defining and prosecuting crimes. See Screws v. United States, 325 U.S. 91, 109, 65 S.Ct. 1031, 1039, 89 L.Ed. 1495; Jerome v. United States, 318 U.S. 101, 104-105, 63 S.Ct. 483, 485, 87 L.Ed. 640. Thus, unless the federal authorities could somehow insure that there would be no state prosecutions for particular acts that also constitute federal offenses, the efficiency of federal law enforcement must suffer if the Double Jeopardy Clause prevents successive state and federal prosecutions.
The most recent pronouncement of this rule of law by this Court was in Bell v. State, 251 Miss. 511, 170 So.2d 428 (1965), wherein this Court held:
There is no merit in the appellant's contention that the court erred in overruling the appellant's motion for permission to withdraw his plea of nolo contendere and introduce evidence to show that Section 22 of the Mississippi Constitution *760 had been violated and that the appellant's liberty had been twice placed in jeopardy for the same offense. It is not claimed that there was any other state prosecution arising out of the appellant's alleged embezzlement of the credit cards described in the indictment, and proof of the facts which the appellant's attorney proposed to prove, that is to say, that the appellant had been sentenced by a federal court in another state to imprisonment in a federal penitentiary for a period of five years for violation of Title 18, section 2314 U.S.C.A., and that the appellant had served a portion of the five-year sentence and had been placed on probation, would not have constituted a valid defense to the charge made in this case. United States v. Lanza, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922); Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1958).
"Where the same transaction constitutes a crime under the laws of the United States and also under the laws of the state, accused may be punished for both crimes, and an acquittal or a conviction in the court of either is no bar to an indictment in the other, in the absence of statutory provisions to the contrary." 22 C.J.S. Criminal Law § 296 d (1961); and cases cited. (Id. at 517, 170 So.2d at 430).
There is no merit in Bankston's contention that prosecution upon the State charge of armed robbery in violation of Mississippi Code 1942 Annotated section 2367 (1956) unconstitutionally exposed him to double jeopardy.
We have carefully examined the record of Bankston's trial. The proof of his guilt of the offense with which he was charged and of which he was convicted is overwhelming.
We have also examined and considered the three jury instructions granted at the request of the prosecution as well as the twelve granted appellant. We find no error in these instructions and read together they comprise a correct statement of the applicable law and were not misleading.
A demurrer to the indictment interposed by counsel for Bankston was overruled. The indictment sufficiently and accurately charged the crime for which Bankston was tried and of which he was convicted and the action of the trial court in overruling the demurrer was not error.
There being no reversible error in the record the conviction must be affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES and BRADY, JJ., concur.