## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00199-SCT

*WALTER EARL RAINEY*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/28/97 |
| TRIAL JUDGE: | HON. C. E. MORGAN, III |
| COURT FROM WHICH APPEALED: | CARROLL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/8/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/23/98 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

This appeal comes from the Circuit Court of Carroll County, which on January 30, 1997, dismissed Walter Earl Rainey's Motion for Correction of Judgement or For Leave to Withdraw Guilty Plea as procedurally time-barred. On appeal before this Court, Rainey assigns the following issues.

### ISSUES

**I. WHETHER RAINEY'S RIGHT TO AVOID DOUBLE JEOPARDY WAS VIOLATED IN THE TRIAL COURT.**

**II. WHETHER RAINEY WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.**

**III. WHETHER THE STATE BREACHED ITS PLEA BARGAIN AGREEMENT WITH RAINEY.**

## FACTS

On January 28, 1982, Walter Earl Rainey and Bobby Lee Mitchell robbed a Carroll County bank while armed with a pistol. Finding their loot to be insufficient, the two men turned their gun on a bank customer, James Ramage, Jr., and robbed him of $487.86.

Rainey pleaded guilty to robbing a federally insured bank in the United States District Court for the Northern District of Mississippi on October 27, 1982. On November 11, 1982, Rainey pleaded guilty to the armed robbery of James Ramage, Jr. Rainey filed this Motion in the Circuit Court of Carroll County on August 12, 1996.

## DISCUSSION

Initially, we note that Rainey's motion for post-conviction relief must have been filed within three years of his conviction under the plea agreement. *Miss. Code Ann.* 99-39-5(2) (1994). Almost 14 years have passed since the November, 1982 guilty plea was entered in the trial court. Rainey has not presented any evidence that justifies overcoming the procedural bar of his claim. Nonetheless, we indulge ourselves in addressing the merits of his frivolous claims.

### I. WHETHER RAINEY'S RIGHT TO AVOID DOUBLE JEOPARDY WAS VIOLATED IN THE TRIAL COURT.

Rainey claims that because he had pleaded guilty to bank robbery in federal court, his right to avoid double jeopardy was violated by his subsequent prosecution in the state court for armed robbery. This assertion is not legally sound. Prosecution by the State for a state crime after the federal court has prosecuted the defendant for a federal crime which grew out of the same facts does not violate the prohibition against double jeopardy. *Bankston v. State*, 236 So.2d 757, 759-60 (Miss.1970). Therefore, this assignment of error is without merit.

### II. WHETHER RAINEY WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

The standard of review for ineffective assistance of counsel is (1) whether counsel's overall performance was deficient and (2) whether the deficient performance, if any, prejudiced the defendant. *Taylor v. State*, 682 So.2d 359, 363 (Miss.1996) (*citing Cole v. State,* 666 So.2d 767, 775 (Miss.1995)). "The burden is on the defendant to prove both prongs." *Id.*

Rainey argues that his trial counsel was ineffective because he did not argue that Rainey's double jeopardy rights had been violated. Rainey's double jeopardy rights were obviously not violated. Thus, counsel was warranted in not arguing otherwise.

There is a strong, yet rebuttable, presumption that the actions by the defense counsel were reasonable and strategic. *Id.* Rainey falls far short of overcoming this presumption. Accordingly, this assignment of error is too without merit.

**III. WHETHER THE STATE BREACHED ITS PLEA BARGAIN AGREEMENT WITH RAINEY.**

No post-conviction relief shall be granted to a prisoner unless the prisoner proves by a preponderance of the evidence that he is entitled to the relief. *Miss. Code Ann.* § 99-39-23(7) (1994). Rainey offers absolutely no evidence that his plea bargain agreement with the state has been breached. This claim is unfounded and therefore without merit.

## CONCLUSION

Rainey waited almost 14 years to file a motion for post-conviction relief. Thus, he is procedurally barred from alleging these assignments of error today. However, even absent the procedural bar, Rainey's claims simply have no legal or factual basis. Therefore, the circuit court did not err in dismissing Rainey's motion as time-barred.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY.**