## STATE OF MISSISSIPPI *v.* CLINK SIMS.

1. CRIMINAL LAW. *Assault with intent to kill. Deadly weapon. Indictment. Code* 1892, § 1026.

    Whether any weapon be a deadly one is a question of fact to be determined by the jury from the evidence, and an indictment for assault with a deadly weapon with an intent to kill and murder, which charges that the weapon used was a deadly one, is not demurrable because the weapon is not specifically mentioned among those which the statute, code 1892, § 1026, make it an offense to carry concealed.

2. SAME. *Brick.*

    An indictment, otherwise good, for an assault to kill "with a deadly weapon, to wit, a brick," is not insufficient, because a brick was the weapon charged to have been used.

3. SAME.    *Manner of use.*

> It is unnecessary in an indictment for an assault with intent to kill
> and murder with a deadly weapon to set out the manner in which
> the weapon was used, although it is not by name designated as
> deadly in any statute.

FROM the circuit court of, first district, Chickasaw county.
HON. EUGENE O. SYKES, Judge.

Sims, appellee, was defendant in the court below; from a
judgment sustaining a demurrer to the indictment the state
appealed to the supreme court. The opinion states the case.

*Monroe McClurg,* Attorney-General, for appellant.

The language of the statute is, "Every person who shall be
convicted of . . . any assault and battery upon another,
with any deadly weapon or other means or force likely to pro-
duce death, with intent to kill and murder," shall be punished,
etc.

Whether the weapon used is a deadly weapon, the allegation,
as in this case, that it was, is sufficient on demurrer to be finally
determined by the court as a question of law after the testi-
mony is in. Bishop Statutory Crimes (3d ed.), sec. 320; 1
Am. & Eng. Enc. Law (old ed.), 816, 817.

The following definition, given in *Sylvester* v. *State* (1882),
72 Ala., 201, has been adopted by Bishop, and the Am. & Eng.
Enc. Law as a good one: "The instruction requested by the ap-
pellant was properly refused. It referred to the jury, for con-
sideration and determination, the question whether the weapon
employed in the killing was, in its nature and character, a
deadly weapon; which is, generally, not a question of fact for
the jury, but of law for the decision of the court. ᐧ 2 Bish. Crim.
Law, sec. 680; *State* v. *Craton,* 6 Ired (Law), 164; *State* v.
*West,* 6 Jones (Law), 505. A deadly weapon is one not as as-
serted in the instruction, a blow from which would ordinarily
produce death, but one from which, as it was used, death would
probably result. And an instrument or weapon used in inflict-

ing injuries upon the person of another may or not be esteemed deadly, according to the manner of its use, and the subject on which it is used. *State* v. *West, supra.* And in determining, as matter of reason, whether the use of it imports malice, the actual effects produced by it are to be considered. From a consideration of the results of the use of the weapon, and the manner and circumstances of its use, the attention of the jury would have been diverted, if this instruction had been given." 9 Am. & Eng. Enc. Law, 457; Bish. New Crim. Law, 680; *Spradley's case, ante,* 82.

It is not necessary to add to the allegation that the brick was a deadly weapon, the words "and a means of force likely to produce death." The clear import of the statute is that, where a deadly weapon *per se* is not used in a felonious assault with intent to kill and murder, but some other means or force likely to produce death is used to accomplish the intent, then it is proper to allege what the means or force used was, and allege that it was such means or force as was likely, so used. to produce death. To illustrate: Such an assault and battery could be made by feloniously withholding food to starvation, or by shoving one from a boat to be drowned, or by hanging with a rope, and the like.

The court should have overruled the demurrer and heard the evidence in the case, and thus determine whether the brick was in fact a deadly weapon, and whether it was so used in the assault upon Thompson.

*L. P. Haley,* for appellee.

The court did not err in sustaining the demurrer to the indictment. A brick is not a deadly weapon. Code 1892, § 1026, defines what a deadly weapon is under the laws of this state, it says:

"Deadly weapons; carrying concealed. Any person carrying concealed, in whole or in part, any bowie knife, dirk knife, butcher knife, pistol, brass or metallic knuckles, slung shot,

sword, or other deadly weapon of like kind or description," etc. That is to say, it must be a deadly weapon of the knife kind, the pistol kind, the knucks kind, the sword kind, or the slung shot kind. That is the reason § 967 of the code of 1892 adds generally: "With any deadly weapon or other means or force likely to produce death." If the indictment does not state that assault was made with a deadly weapon as recognized by the laws of the state of Mississippi, then the indictment must charge that the assault was done "with means or force likely to produce death." This addition to the law was not made for a useless purpose.

This indictment wholly fails to charge that the assault was made with other means or force likely to produce death.

A brick might be "a means or force likely to produce death," but under no consideration could it be a "deadly weapon" under the laws of this state. Section 320, Bish. St. Crimes (3d ed.), referred to by appellant, says that whether a weapon is a deadly weapon is a question of law for the court. *Sylvester* v. *State,* 72 Ala., 201. A brick *per se,* is not a deadly weapon. It is not a weapon at all. A weapon is an instrument of offense; particularly any instrument used or designed to be used in destroying or annoying an enemy, as a sword, a dagger, a rifle, or a cannon.

It is elementary that the most penal statutes must be most strictly construed and follow the words of the statute. Suppose for the sake of argument that defendant was charged to have committed an assault on affiant with a deadly weapon, to wit, by pushing affiant off into the sea, or by withholding food from affiant, or any other person. Here is where the statute, "or other means or force likely to produce death," comes in. A deadly weapon must be an "instrument or weapon used in the infliction of injuries." *State* v. *West,* 6 Jones, 505.

A brick in no sense of the word is either an instrument or a weapon. It might be a means or force likely to produce death, but certainly could not be a deadly weapon. A brick in its

first state is absolutely harmless, and could not be a deadly weapon. It is soft and pliable, and could not produce injury. It has never been the practice in this state to hear evidence upon demurrer. The court takes judicial notice of what is a deadly weapon, and what is not. 18 Iowa, 435; 113 Ill., 34; 65 N. C., 330.

The case relied upon by the state is 72 Ala., p. 201. This case refers to instructions and not to demurrer. Instructions are always given after the evidence goes before the jury, and not before. It also states as to whether the weapon was a "deadly" weapon is a question of law for the court. The attorney-general in his brief says: "Where a deadly weapon *per se* is not used in a felonious assault with intent to kill and murder, but some other means or force likely to produce death is used to accomplish the intent, then it is proper to allege what the means or force used was, and allege that it was such means or force as was likely, so used, to produce death." This is exactly what the indictment does not do. A brick is not *per se* a deadly weapon—it is not a weapon at all. A chair is not a deadly weapon. *Kouns* v. *State,* 3 Texas App., 13.

TERRAL, J., delivered the opinion of the court.

The appellee was indicted for assault and battery with intent to kill and murder. The indictment with great particularity and technicality of expression averred that Clink Sims, "in and upon Shelley Thompson did feloniously make an assault with a certain deadly weapon, to wit, a brick, and with said brick did then and there willfully and feloniously strike and wound said Shelley Thompson, with the willful and felonious intent then and there him, the said Shelley Thompson, willfully, feloniously, and of his malice aforethought to kill and murder, against the peace and dignity of the state of Mississippi." A demurrer to the indictment was sustained, and counsel for appellee argues here the invalidity of the indictment.

If we understand his argument, it is that a brick is not a deadly weapon, because it is not mentioned as such in § 1026, code 1892. Neither is an ax or a hatchet, a shotgun, or rifle mentioned in § 1026. Nevertheless, they are deadly weapons. In all cases of attempts to kill with a deadly weapon, the indictment ought to aver that the instrument used was a deadly weapon, except, perhaps, where the implement used is declared a deadly weapon by statute, and unless the instrument is described by law as a deadly weapon it should appear to the jury from the proof to be one; and whether it be one or not must be determined by the proof, of which the jury are the judges. In many cases proof of the instrument used would be sufficient proof that it was so, without further evidence on that point. In *Hamilton* v. *People,* 113 Ill., 38 (55 Am. Rep., 396), it is said that an ax or a hoe is *per se* a deadly weapon, fully as much as a loaded pistol. The brick here used is alleged to be a deadly weapon, and the manner of its use, when laid before the jury, would enable them to decide whether or not it was a deadly weapon. The most usual cases of felonious assaults that we hear of are those made by pocket knives, which are not mentioned in § 1026 of the code, and it has never been thought that such indictments are defective because pocket knives are not described as deadly weapons by legislative authority. In *Spradley's case, ante,* p. 82, s.c., 31 So., 534, the implement used was a grass blade, which was charged to be a deadly weapon, and we approved the indictment there; while in the case of James Owens, now under sentence of death, the instrument used was a pocket knife, and the use of that instrument was considered sufficient to support a conviction for murder. The writer has known an old and feeble woman to be convicted of manslaughter by striking with a penknife a strong and vigorous man, who was dragging her from his field, because the penknife accidently penetrated a vital part of his body. If the instrument, whatever it be, kills, it carries strong evidence of its being deadly; and, in any case, it is for the jury to decide.

The counsel, as we understand him, insists that the manner in which the brick was used should be set out; but we see no more reason for such an allegation than would exist in the case of an ax, hoe, pistol, or other lethal weapon. Where the offense is committed with a deadly weapon, not prescribed such by statute, no more particularity of statement is necessary than when it is committed by the use of a weapon declared deadly by statute. The indictment here is as fully particular and technical as the one held to be good in *Spradley's case, ante,* p. 82, s.c., 31 So., 534. When a deadly weapon is not used, and a felonious killing or assault is intended to be alleged, the means expressive of such purpose must be averred, several instances of which are to be found in Wharton's Precedents, as in form No. 244. If one person, being stronger than another, should, with his mere fists and feet, beat and stamp such other person upon his head and body with such violence and long continuation that death therefrom ensued, there the violence and continued beating should be alleged as a means of committing murder; for a single blow with fist or foot could not, under our law, support a conviction for a felonious assault. The indictment here is, we think, good for a felonious assault and battery.

*Reversed and remanded.*