## LOTT *v.* STATE.

[93 South. 481, No. 22502.]

1. HOMICIDE. *Instruction, omitting intent to kill on trial for assault with such intent, erroneous.*

An instruction to find defendant guilty of assault and battery with intent to kill and murder, if he willfully, unlawfully, etc., committed an assault and battery on the complaining witness with a stick, was erroneous, as leaving out the essential element of intent to kill and murder.

2. HOMICIDE. *Whether stick was a deadly weapon was a question for the jury.*

Whether a stick with which an assault was committed was a deadly weapon was a question of fact to be decided by the jury, and it was error for the court to tell the jury that its use was *prima-facie* evidence of an intent to kill and murder.

3. HOMICIDE. *Instruction on trial for assault with intent to kill erroneous, as omitting the element of intent.*

An instruction that, though defendant struck the complaining witness while he was choking a third person and for the purpose of defending such third person, the jury should find him guilty of assault and battery with intent to kill and murder if he struck with greater force than was necessary, was erroneous, as failing to include the necessary element of intent to kill and murder; it being a question of fact whether the blow was struck with such intent.

4. CRIMINAL LAW. *Erroneous instructions on assault with intent to kill held not cured by others stating the law correctly.*

Erroneous instructions that use of a stick was *prima-facie* evidence of intent to kill and murder, that if, defendant willfully, etc., committed an assault and battery with the stick introduced in evidence he was guilty, and that, even though he acted in defense of another, he was guilty if he used greater force than was necessary, were not cured by other instructions giving the correct rule.

APPEAL from circuit court of Marion county.

HON. G. WOOD MAGEE, Special Judge.

Guy Lott was convicted of assault and battery with intent to kill and murder, and he appeals. Reversed and remanded.

*Davis & Langston,* for appellant.

Instruction number two is erroneous and has been condemned by the court. It will be remembered that the stick which was used, or which was supposed .to have been used, was introduced in evidence and was before the jury, yet the court told the jury that this stick was a deadly weapon and that the use of it was *prima-facie* evidence of intent to kill and murder. It was the intent to kill and murder which must raise the case from a misdemeanor to a felony and it was for the jury to say whether or not this stick was a deadly weapon, yet the court decided this all important fact himself.

A stick is not made a deadly weapon by statute and this court in speaking through Judge TERRAL, reported in 80 Miss. 381, in the case of *Sims* v. *The State,* says that unless the weapon used is by statute made a deadly weapon, then it is for a jury to say whether or not it is indeed a deadly weapon. So that in this case the very gist of the offense was decided by the court and the important fact to be decided by the jury was taken away from them, and for this reason alone the case should be reversed.

Instruction number three is erroneous for several reasons. It says that in part "you should find the defendant guilty as charged if you should further believe the defendant struck the said Berry with greater force than was necessary to strike him in defending said Arthur Rowley. This instruction absolutely ignores the evidence in the case. It simply tells the jury that they may believe it without regard to the evidence and .the word, evidence is not used in the entire instruction. Besides the instruction eliminates and ignores all the essential elements of the

crime of assault and battery with intent to kill and murder. It simply brings it down to this proposition: It told the jury that, regardless of whether or not Lott struck Berry through malice aforethought or with intent to kill and murder or feloniously or what not, that just so he struck Berry a little bit harder than he should, then he is guilty. This is not the law, never has been and never will be, and we deem it unnecessary and useless waste of time to bore the court with decisions for this proposition.

In view of the error in granting these two instructions which could not possibly be cured by the instructions for the defendant, we submit this case, feeling absolutely confident that it will be reversed and remanded.

*H. Tolbot Odom,* special assistant attorney-general, for the state.

Instruction No. 2 vigorously attacked by counsel, is as follows: "The court instructs the jury for the state that if you believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant Guy Lott did willfully, unlawfully, feloniously, and of his malice aforethought commit an assault and battery upon the person of John Berry with the stick introduced in evidence, then the jury should find the defendant guilty as charged in the indictment; and the court further instructs you that the use of a stick such as has been introduced in evidence is *prima-facie* evidence of an intent to kill and murder."

Two objections are made to the foregoing instruction: First, it is contended that the court peremptorily instructed the jury that the stick used by the appellant in making the assault was a deadly weapon, and it is claimed that this is error, because a stick is not *per se* a deadly weapon, nor made so by the statute. Second, it is contended that it was error to instruct the jury that the use of such a stick was *prima-facie* evidence of an intent to kill and murder. Both of these objections to the foregoing in-

structions may be considered and disposed of together, for the reason that the only question of importance, and on which this instruction must stand or fall is, did the court err in holding the stick to be a deadly weapon, instead of submitting the question to the jury. If not, then there is no merit in the objection to the latter part of the instruction telling the jury that the use of such a stick was *prima-facie* evidence of intent to kill, because this is the correct rule of law, and if the stick were a deadly weapon then its deliberate use was *prima-facie* evidence of the intent to kill. This rule of law is well settled and will not be disputed.

Now let us see whether or not the court invaded the province of the jury in holding that the stick introduced in evidence was a deadly weapon.

Suppose that the weapon had been a hatchet, pick, ax, a sword, or some other similar instrument, would there be any room for argument as to whether or not such implement would be a deadly weapon when used to strike a human being over the head? If there could be no doubt that such implements were deadly weapons, would not the court be within its proper limitation when holding them to be deadly weapons, notwithstanding the fact that they are not enumerated as such by the statute, I think so, because there would be nothing for the jury to decide on this proposition.

Then if this reasoning be sound and the conclusion correct, it would necessarily follow that the trial court, where the weapons employed, such as ax-handles, sticks of unusual size and weight, were before the court, and no reasonable mind could reach any other conclusion but that same was a deadly weapon, why would it be error to so instruct the jury? Some sticks or clubs would be equally as deadly as a pistol when in the hands of a strong man as the evidence showed appellant to be. It must be remembered that the trial court had the stick, or timber, before it, and that this court could not possibly say that the court was wrong unless it could see and examine the weapon employed.

While it might have been a safer procedure to submit this question to the jury, and it might be dangerous to vest too much authority in one person, it must be admitted that in numerous cases the question of whether or not certain weapons are deadly could never be doubted. Here the trial court had full opportunity to observe. I do not feel that he has overstepped his legal bounds in instructing the jury peremptorily that such a weapon was a deadly weapon, when used as the undisputed testimony shows it was used in this case.

The case of *Sims* v. *The State,* reported in 80 Miss., at page 381, is cited and relied on by appellant. In my opinion this case is not necessarily controlling here, because in that case the only question before the court was the validity of the indictment charging an assault with a deadly weapon, to-wit, a brickbat.

In overruling the demurrer, the court simply held that an indictment in such a case is not defective because the weapon mentioned in the indictment is not described as a deadly weapon by legislative authority. Then the court by mere *dictum* added that "whether a weapon be a deadly weapon is to be determined by the proof, of which the jury are the judges." Now, if the proof be so strong as to leave no doubt, why would it be improper or prejudicial to the accused if the court should hold that such weapon were a deadly weapon?

But conceding that my reasoning will not stand, it does not necessarily follow that this case must be reversed because of the granting of this instruction. A consideration of the case as a whole will disclose the fact that appellant was not prejudiced by the granting of this instruction. If the court committed error in this, such error is harmless error and was fully cured by instructions granted the defendant. I respectfully refer the court to instructions Nos. 2 and 4 granted defendant, appearing at pages 8 and 9, volume 1 of the record, and especially instruction No. 4, which is as follows: "The court instructs the jury for the defendant that before they will be warranted in con-

victing the defendant, they must believe beyond every rea-
sonable doubt and to a moral certainty that when the de-
fendant struck John Berry, he was using a deadly, that
is to say, such a weapon as was capable of producing the
death of the said John Berry, by striikng him upon the
head with same."

This instruction puts the defendant's objection at rest,
and cures any possible error in instruction No. 2 granted
to the state and complained of above, because it tells the
jury that the stick used must have been capable of pro-
ducing death and that they must believe this beyond every
reasonable doubt before they could convict. The rule of
law that instructions granted the state and defendant
must be considered as a whole, and if, when so considered,
they correctly announce the law, then the appellate court
will not reverse on account of an error in separate instruc-
tions, and I deem it unnecessary to cite authorities on this
point. I earnestly submit that the granting of instruc-
tion No. 2 for the state should not cause a reversal of this
case.

Counsel for appellant next complains of instruction No.
3 granted for the state, which appears at page 8 of Volume
1 of the record, and is as follows: "The court instructs
the jury for the state that even though you may believe
that the defendant struck the said John Berry, while said
Berry was choking Arthur Rowell, and that he did so for
the purpose of defending said Arthur Rowell, you should
find the defendant guilty as charged if you should further
believe the defendant struck said Berry with greater force
than it was necessary to strike him with in defending said
Arthur Rowell."

The objection to this instruction is twofold: First, be-
ccause it does not require the jury to believe beyond a rea-
sonable doubt from the evidence; and, second, because it
fails to require the jury to believe that the appellant com-
mitted the assault with a deliberate and felonious intent
to kill and murder. These objections in my opinion are
both well taken, if this instruction be considered alone.

But, when the foregoing instruction is considered along with instruction No. 2 granted the defendant, is must be conceded that the law on both of these points was correctly announced. Said instruction No. 2 granted for the defendant, appears at page 8 of the record and is as follows: "The court instructs the jury that before they can return a verdict of guilty as charged, they must believe from the evidence beyond a reasonable doubt and to a moral certainty that when the defendant struck John Berry, he then and there intended to kill him and to murder him in cold blood, and that he then and there used a deadly weapon for the purpose of carrying out such intent, and that the intent was premeditated.

This instruction is a clear enunciation of the law and does not conflict with instruction No. 3 granted for the state and complained of by the appellant, but supplements same. The jury could not have possibly been misled by considering both of these instructions together as to what the law on this particular point was. The appellant was accorded a fair and impartial trial and was not prejudiced by the errors complained of. In fact, the court was quite liberal in granting defendant instructions, even granting one for simple assault and battery where the facts or evidence in the case do not justify. See instruction No. 6 for the defense at page 10, Volume 1 of the record.

This court held in the case of *Hall* v. *State,* 91 So. 397, that a similar instruction to the one complained of was erroneous, but was cured by the instruction granted the defendant and would not cause a reversal. The instruction No. 7 granted for the defense tells the jury that appellant had a right under the law to protect his friend from bodily harm at the hands of John Berry. Said instruction is found at page 11 of the record and is in the following words: "The court instructs the jury for the defendant, that if they believe from the evidence in this case that at the time the defendant struck John Berry, the said John Berry had Arthur Rowley down and was choking him, and the defendant then and there believed, and had

a right to believe that the said Arthur Rowley was in danger of receiving great bodily harm at the hands of the said John Berry, and such danger was then and there impending and the said defendant struck the said John Berry in order to prevent such great bodily harm, it is the sworn duty of the jury to return a verdict of not guilty. And this is true even though they may believe that the said Arthur Rowley was the aggressor in the difficulty.

I submit that this case should be affirmed.

HOLDEN, J., delivered the opinion of the court.

This is an appeal by Guy Lott who was convicted on a charge of assault and battery with intent to kill and murder, and sentenced to the penitentiary for seven years.

Briefly stated, the testimony offered by the state shows that Guy Lott was in company with three or four other boys down in the public road a short distance from the home of John Berry, the party assaulted; that appellant got into a fight with one of the boys, whereupon John Berry, subsequently assaulted, left his house and went down to where the parties were fighting, apparently for the purpose of restoring peace. While in the effort to stop the fighting, the appellant, without provocation or justifiable cause, picked up a stick and struck John Berry on the back of the head with such great force and violence that he was knocked unconscious, in which condition he remained for some time.

The defense offered by the appellant was that John Berry came to where he and the other boys were playing, and after cursing one of the boys a fight ensued between Berry and this boy, and while John Berry had this boy down and was choking him, and apparently about to kill him, he (appellant) struck John Berry one lick on the head with a stick, in order to save the life of the boy being choked on the ground. The testimony was in conflict, and the jury found appellant guilty.

The complaint made on this appeal by appellant is that the court erred in granting the following instructions for the state, to-wit:

"No. 2.  The court instructs the jury for the state that if you believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant Guy Lott did willfully, unlawfully, feloniously and of his malice aforethought commit an assault and battery upon the person of John Berry with the stick introduced in evidence, then the jury should find the defendant guilty as charged in the indictment; and the court further instructs you that the use of a stick such as has been introduced in evidence is *prima-facie* evidence of an intent to kill and murder."

"No 3.  The court instructs the jury for the state that, even though you may believe that the defendant struck the said John Berry while said Berry was choking Arthur Rowell, and that he did so for the purpose of defending said Arthur Rowell, you should find the defendant guilty as charged, if you should further believe the defendant struck said Berry with greater force than it was necessary to strike him with in defending said Arthur Rowell."

That the above instructions are erroneous and harmful is readily apparent.  Instruction No. 2 leaves out the essential element of intent to kill and murder, and also erroneously tells the jury "that the use of a stick such as has been introduced in evidence is *prima-facie* evidence of an intent to kill and murder."  The record does not disclose what kind of a stick was introduced in evidence, but whether or not a stick is a deadly weapon depends upon a number of things, and is a question of fact to be decided by the jury, in the absence of a statute making it a deadly weapon.

Instruction No. 3 should not have been granted the state because it fails to charge the necessary element of "intent to kill and murder."  It was certainly a question of fact for the jury to determine whether the blow was struck with intent to kill and murder the assaulted party.

The above instructions are grievously wrong, and are not cured by instructions given the defendant announcing the correct rule, for the reason they tell the jury that if appellant assaulted Berry with the stick introduced in evidence then the jury should find defendant guilty because the use of the stick in this case is *prima-facie* evidence of intent to kill and murder. There is no dispute as to appellant striking Berry with the stick, and the jury is told that this is sufficient to show intent to kill and murder. It would have been rather difficult for the jury to acquit, the appellant if the instructions were followed by them.

Instruction No. 1 for the state, given in the lower court, but not complained of here, is equally as erroneous as the above instructions.

For the reasons given above, the judgment of the lower court will be reversed, and the case remanded for a new trial.

*Reversed and remanded.*