GRIFFEN *v.* STATE.

(In Banc.   June 5, 1944.)

[18 So. (2d) 437.   No. 35551.]

Jas. F. Noble, of Brookhaven, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

530

McGehee, J., delivered the opinion of the court.

The appellant, Buster Griffen, was convicted of assault and battery with intent to kill and murder one Curtis Cotten, Sr., at the latter's place of business, where he operated a restaurant for colored people in the city of Brookhaven. According to the proof on behalf of the state, the defendant occupied a seat in the restaurant for some time without asking to be served, and to the exclusion of customers who desired service. Upon being requested to move so as to permit those to be seated who desired to eat, the defendant became angry, and began cursing the operator. Someone intervened, and pushed the defendant out of the door. Some few minutes later it became necessary for the said Curtis Cotten, Sr., as the operator of the restaurant, to go outside to purchase some meat at a nearby market. When he went out of the door the defendant was standing on the curb of the sidewalk, where he "blocked" the said Cotten "from going up the street." The defendant then struck him on the side of the head, in the temple, with a closed pocket-knife, and which the said prosecuting witness described as being "about the size of my thumb," exhibiting his thumb to the jury. The said Cotten was caused to fall to the sidewalk, and thereafter remained unconscious for approximately 25 or 30 minutes. A physician testified for the state that he had been struck with a blunt instrument of some kind; that it was not a cut, but a break in the skin, and that the victim was not quite rational when he got to him. This physician further testified that in his opinion it would be "possible" for a pretty strong man to hit another in the temple of the head, where this man was struck, in such manner as to produce death, if the assailant was using "a pretty good size knife." The prosecuting witness, who was the only one who undertook to describe the means used by the defendant, finally did state that the knife was of

"medium" size, whereas the indictment charged that the defendant assaulted the said Curtis Cotten, Sr., "with a certain deadly weapon, to wit, a large pocket knife with the felonious intent and of his malice aforethought, him the aforesaid Curtis Cotten, Sr., wilfully, unlawfully and feloniously to kill and murder." However, the jury had an opportunity to determine its size by comparison with the exhibited thumb of the witness.

It should be noted, however, that it was disclosed by the testimony that the defendant had been afforded ample opportunity to open the knife, and to deliberately use it as a deadly weapon in such manner as to kill and murder his victim, if he had intended to do so. Thus, the question arises as to whether or not an assailant is guilty only of an *assault and battery* when he deliberately uses a weapon capable of producing death when employed in the usual manner for that purpose, but in such fashion as would not ordinarily be calclated to produce such result. We are of the opinion that this question must be answered in the affirmative. The facts relied on by the state in the instant case to show an intent to kill and murder are such as to wholly negative such intent, rather than to prove the same.

In this situation, the state obtained an instruction to the jury which omitted the necessary requirement that the assault and battery must have been committed "with intent to kill and murder," before the defendant could be found guilty as charged. But since we have concluded to affirm the conviction for the constituent offense of assault and battery, and to remand the case for the purpose only of allowing a sentence to be imposed accordingly, the appellant will not be prejudiced by the omission of these words from this instruction. Therefore, we will not reverse the case on account thereof.

Affirmed and remanded.