### BATTEAST *v.* STATE.

Nov. 10, 1952

No. 38508          7 Adv. S. 1          60 So. 2d 814

338

*Maxwell Bramlette* and *Joe Upton,* for appellant.

*J. T. Patterson,* Assistant Attorney General, for appellee.

Hall, J.

Appellant was convicted on a charge of assault and battery with intent to kill and murder one Douglas Smith by striking him with a piece of iron pipe approximately eighteen inches or two feet in length and was sentenced to the maximum penalty of a term of ten years in the state penitentiary. Several errors are assigned, one of which is that the verdict is contrary to the overwhelming weight of the evidence. The point was properly preserved by a motion for a new trial which was overruled by the lower court, and we are of the opinion that it is sufficiently serious to require a reversal of the conviction and a remand of the case for a new trial.

(**Hn 1**) We are mindful of the rule that we will not reverse a jury verdict upon a finding of fact which is supported by substantial evidence, Price v. State, 207 Miss. 111, 41 So. 2d 37, but it is equally as well settled by our decisions that a verdict will not be permitted to stand where we think the jury went against the great preponderance of the evidence, Conway v. State, 177 Miss. 461, 171 So. 16.

The appellant and his victim are both Negroes. They met at a country store. Smith was drinking. This is admitted by all the witnesses and some of them said he was drunk. Appellant asked Smith to pay him a debt of about $11.00. An argument ensued which was fortified by a great deal of profanity. Appellant was requested to go out the front of the store, which he did, and Smith was requested to remain in the store and then go out the back door and go home. This he refused to do. In a short time he went out the front of the store and started to attack appellant with a Pepsi-Cola bottle. Appellant obtained a piece of iron pipe from his truck. Bystanders intervened and stopped the argument for the time being. Upon request, appellant gave his piece of pipe to the owner of the store. In five or ten minutes Smith went to the truck of another Negro and obtained an axe and started toward appellant. Appellant obtained another piece of pipe from his truck and as the parties came together he struck Smith a glancing blow upon the shoulder. This blow left no perceptible wound. While appellant and Smith were struggling and after both the axe and the piece of pipe had been dropped a cousin of appellant struck Smith in the head with a piece of iron which inflicted a scalp wound. The parties separated and Smith started back toward the store with the threat that he was going to get a gun and kill them all. Thereupon another cousin of appellant, who was some distance away, shot Smith with a rifle and inflicted a wound from which he died several hours later.

The facts above recited were established by four witnesses for appellant. The State relied upon the testimony of one Susie Jenkins who was admittedly living with Smith and who said that she was his common law wife. She testified that she saw Smith go to a truck and get the axe and that he drew it back and started across the road toward appellant. She did not know what became of the axe. In fact she became engaged in a struggle with appellant's cousin and admitted that she did not see all that happened. She further admitted that she did not know whether Smith had the axe at the time he was struck, and finally said ''If he did, I didn't see him.'' She further said that she did not even hear the shot which inflicted the mortal wound on Smith.

By the great preponderance of the evidence appellant made out a case of self-defense which was not disputed by evidence of such substantial nature as to justify the verdict of the jury. For that reason the judgment of conviction must be reversed and the cause remanded for a new trial.

(Hn 2) Appellant also contends that the instructions for the State assumed as a fact that the piece of pipe in question was a deadly weapon. Under our statute, Sec. 2011, Code of 1942, firearms are defined as deadly weapons. As to any other instrumentality used in the commission of an assault and battery, the question whether it is a deadly weapon is an issue of fact for determination by the jury. Saffold v. State, 76 Miss. 258, 24 So. 314; State v. Sims, 80 Miss. 381, 31 So. 907; Lott v. State, 130 Miss. 119, 93 So. 481. Upon another trial of this case we think the State's instructions should more clearly submit to the jury the question whether the piece of iron pipe in question was a deadly weapon. The instructions do not assume or charge the jury that this pipe was in fact a deadly weapon but they do not properly submit the issue to the jury, and, while we would not reverse the conviction on the sole ground of a deficiency therein, we do

feel that at the next trial they should be drawn more carefully.

Reversed and remanded.

*Roberds, P. J.,* and *Alexander, Holmes,* and *Arrington, JJ.,* concur.