GRAY *v.* STATE.

March 1, 1954

No. 39070 55 Adv. S. 10 70 So. 2d 524

*J. Larry Thompson, O. M. Oates,* Bay Springs, for appellant.

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellee.

LEE, J.

Joe, Ray, and Herschell Gray, brothers, were jointly indicted for an assault and battery with intent to kill and murder Edgar Lee Thomas. A severance was granted to Joe, and on his trial, he was found guilty as charged. The court sentenced him to serve a term of eighteen months in the state penitentiary. From the judgment entered thereon, he appealed.

The trouble occurred on Sunday, February 22, 1953, at the Yelverton Cafe, in the Town of Bay Springs. Court convened the following Monday, the indictment was returned on Tuesday, and the trial was had thereafter on March 3rd.

There had been no previous trouble between the parties. They were in the cafe and in a friendly mood. Thomas was going as far as Louin with Ray, who was

making a trip to Newton. After Ray obtained gasoline for his car, he blew the horn and told Joe to call Thomas. Joe did so, calling him from the cafe. Just before they got to Ray's car, Thomas wanted to borrow $1 to buy some whiskey. When Joe replied that he had only $1, Thomas called him a vile name and struck or shoved him backward. These facts were undisputed. Thomas did not testify. While a State witness, Billy Cargile, did not hear what was said between them, he did see Thomas shove Joe backward as the latter pulled his hand out of his pocket. At that juncture, Ray got out of his car, and both he and Joe proceeded to beat Thomas. Joe had a closed pocketknife in his fist and struck Thomas a number of times with the jaws of the knife. Ray used only his fists. At length, disinterested parties stopped the fight, but not before Thomas was beaten severely. On examination by a doctor shortly thereafter, seven or eight wounds about the head and face, apparently made by the jaws of a knife, were found and two teeth were loose. Thomas was bleeding considerably but he was not in shock. The doctor was of the opinion that, if the beating had continued, it reasonably could have caused death.

The proof failed to show any description of the knife. No one testified as to its size. It was not used to cut. It was closed, and only the jaws were used.

 Exclusive of those so characterized by statute, ordinarily whether or not a weapon is a deadly weapon must be determined by the proof, as to which the jury is the judge. Saffold v. State, 76 Miss. 258, 24 So. 314; State v. Sims, 80 Miss. 381, 31 So. 907; Blaine v. State, 196 Miss. 603, 17 So. 2d 549; Bolin v. State, 209 Miss. 866, 48 So. 2d 581.

 An ordinary pocketknife, used as a cutting weapon, is undoubtedly such weapon as is likely to produce death. But, in view of the fact that there was no description whatever of the knife which was used in this instance, that it was not used as a cutting weapon, but was

closed, and only the jaws were used in beating the victim, it would not be calculated as likely to produce death, even though it could reasonably do so, if used long enough.

In Griffen v. State, 196 Miss. 528, 18 So. 2d 437, Griffen had struck Cotten in the temple with a closed knife, about the size of the thumb, as a result of which the victim was unconscious for twenty-five or thirty minutes. It was the opinion of the doctor that it would be possible for a pretty strong man, by the use of ''a pretty good size knife'' and by hitting another man in the temple, to produce death. The Court pointed out that Griffen did not open the knife and deliberately use it as a deadly weapon in such manner as to kill, if he intended to do so. On the contrary it was said: ''Thus, the question arises as to whether or not an assailant is guilty only of an *assault and battery* when he deliberately uses a weapon capable of producing death when employed in the usual manner for that purpose, but in such fashion as would not ordinarily be calculated to produce such result. We are of the opinion that this question must be answered in the affirmative. The facts relied on by the state in the instant case to show an intent to kill and murder are such as to wholly negative such intent, rather than to prove the same.''

However, in view of the extent of the assault, the evidence was sufficient to sustain a conviction for assault and battery. That offense is included within the more serious one of assault and battery with intent to kill and murder. The conviction will therefore be affirmed for the lessor offense of assault and battery and the cause will be remanded for an appropriate sentence. Martin v. City of Laurel, 106 Miss. 357, 63 So. 670; Daniels v. State, 196 Miss. 328, 17 So. 2d 793.

Affirmed and remanded for sentence.

*McGehee, C. J.,* and *Holmes, Arrington* and *Ethridge, JJ.,* concur.