DONALDSON *v.* STATE.

No. 39635 January 17, 1955 76 So. 2d 848

*Kepper & Kepper*, Hattiesburg, for appellant.

716

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

Gillespie, J.

Allen Donaldson appeals to this Court from a judgment of death, after being convicted of robbery by violence to the person by the use of a deadly weapon under Chapter 328, Laws of 1932, which provides:

"An act to make robbery a capital offense under certain conditions and to fix the penalty upon conviction for a violation of this act.

"Section 1. Be it enacted by the Legislature of the State of Mississippi, That every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be punished by death if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at death, the court shall fix the penalty at imprisonment in the penitentiary for any term not less than three years.

"Sec. 2. The passage of this act shall not be held to repeal any existing criminal statute of the State.

"Sec. 3. That this act shall take effect and be in force from and after its passage."

On January 6, 1954, Donaldson went into the Foster Furniture Company store in Hattiesburg, Mississippi, wherein Mrs. Estelle Foster was attending the store. No other person was in the store at the times mentioned herein. Donaldson gave his name as Al McDaniel, 305 Tennessee Street, Hattiesburg. He selected several items of furniture which he said he desired to purchase. Mrs. Foster made out a ticket on which was the name and address given by Donaldson, and listed the various items of furniture thereon. When Mrs. Foster told Donaldson the amount of the bill, and as she turned her head, Donaldson took a ball-peen hammer from his pocket and hit Mrs. Foster on the head; then, while she lay on the floor unconscious, Donaldson beat her with the hammer. Mrs. Foster suffered multiple fractures of the skull and face; her arm was broken; some of her teeth were knocked out; and she was severely bruised about her body. She was at the point of death when she arrived at the hospital, but recovered after several operations and many weeks in the hospital.

After beating Mrs. Foster, the appellant threw the hammer in the waste basket, unbarred the rear door and left

the store, taking Mrs. Foster's purse of the value of about $5.00 and which contained one nickel. He took the purse to the rest room at the railroad depot, washed the blood off his hands, opened the purse and took out the nickel, then left the purse on the commode. Mrs. Foster regained consciousness momentarily and called police, who promptly came to the store and rushed her to the hospital. The officers found the ticket lying on the desk in the store with the name and address thereon, and went to 305 Tennessee Street, where they found a bundle of bloody clothes, and from information received from the occupant of the house, located and arrested Donaldson in another house a short distance away. Donaldson readily and voluntarily confessed, and took the officers to the depot and showed them where to find Mrs. Foster's purse, and then pointed out the Foster Furniture Company where he said the crime was committed.

In the furniture store, the officers found the blood-covered hammer in the wastebasket and fresh blood on the bar to the rear door of the store. Within a few hours after the crime was committed, Donaldson gave a detailed written confession before four witnesses and there is no contention that the confession was not free and voluntary. Mrs. Foster did not see the hammer with which she was beaten. The cash register was opened and apparently no money was taken therefrom.

Appellant contends that the crime was not established aliunde the confession. The record showed that there was ample corroboration of appellant's confession. Mrs. Foster's purse, duly identified, was found at the railroad station where appellant said he left it. The bloody hammer was found and the confession described the hammer. In his confession, appellant said he unbarred the rear door to make his escape and that his hands were bloody; the bar to the rear door of the store was found to be blood-smeared. The furniture ticket with the fictitious name and the address 305 Tennessee Street which appellant said he used, was found on

the desk; and this ticket showed the entry of a discount which corroborated statements made in the confession. Mrs. Foster positively identified Donaldson.

Appellant also contends that the State failed to prove intent to commit robbery. He reasons that this is shown by the fact that the cash register was plainly visible with currency therein and it was not taken by the appellant. It is further contended that the pattern of conduct indicates that Donaldson was a sexual pervert with sadistic tendencies and he should have been convicted of assault with intent to murder rather than the crime with which he was charged. Of this contention, there is not a word of proof and is nothing more than speculation.

 We have carefully reviewed the record and the guilt of the accused is manifest. Every element of the crime was proven. We find no reversible errors in the record, if error at all. The case is affirmed and the 4th day of March, 1955 is set as the date for the execution of the appellant.

Affirmed, and Friday, March 4, 1955, is hereby fixed for the execution of the death sentence in the manner provided by law.

All justices concur.