MABRY, et al. *v.* STATE

No. 39992          March 19, 1956          86 So. 2d 23

*John Sharp Holmes,* Yazoo City, for appellants.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

262

Hall, J.

The appellants, who are brothers and both young Negroes, were jointly indicted, tried and convicted of an assault and battery with intent to kill and murder A. G. Willoughby with two alleged deadly weapons, one being an iron wrench in the hands of Willie Mabry and the other being an iron pipe in the hands of Oscar Mabry, and they were each sentenced to serve a term of five years in the state penitentiary. The beginning of the trouble started when the two Negro boys, traveling in a pickup truck, passed an automobile driven by Willoughby's son, and in which Willoughby was riding, at a point about one and one-half miles from the Town of Isola. Willoughby testified that they passed so close as to crowd his car into a ditch, but his son, who was driving the car, testified that the car was crowded onto the shoulder of the road. The truck proceeded into the business section of Isola and parked in front of a poolroom. The Willoughby car followed it and parked across the street. Willoughby got out and went across the street and was writing down the tag number of the truck. Both of the boys got out of the cab of the truck while Willoughby was at the rear. Who started the trouble was a disputed question. Willoughby testified that Willie Mabry struck

him in the mouth with a wrench and lacerated his lip and loosened one of his teeth. Before this occurred Willoughby grabbed a chair which was sitting in the body of the truck, and he was using this chair either to defend himself or to fight the Negro boys. He said that Oscar Mabry struck at him with the pipe but the blow did not touch Willoughby but, instead, it struck the chair. The injury inflicted upon Willoughby was evidently not serious as no doctor or dentist testified with reference thereto. He did not claim to have been struck but one time. The wrench was not introduced but according to the proof it was a small wrench about eight or ten inches long.

The appellants contend that under the proof they should not have been convicted of assault and battery with intent to kill and murder, but at most they were guilty only of a simple assault and battery, and we think this contention is well-taken. The facts shown here do not substantiate the charge that there was any intent to kill and murder Willoughby. See Jack Lee, Alias Jack Lee Kizziah v. State, 83 So. 2d 818, not yet reported in the State Reports; Gray v. State, 220 Miss. 220, 70 So. 2d 524; Nichols v. State, 198 Miss. 821, 24 So. 2d 14; Griffen v. State, 196 Miss. 528, 18 So. 2d 437.

The judgment of conviction and sentence is reversed and the cause is remanded for a proper sentence for conviction of simple assault and battery.

Reversed and remanded.

*Roberds, P. J.*, and *Lee, Kyle* and *Gillespie, JJ.*, concur.