CAZALAS, et al. *v.* STATE

No. 40034          April 9, 1956          86 So. 2d 497

*Ben Stevens,* Hattiesburg; *L. Barrett Jones,* Jackson, for appellants.

548

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellants Cazalas and Speece and Bobby Ray Owens were jointly indicted for the robbery of Pierre Pirlot with a deadly weapon—an iron wrench. Appellants were tried together, convicted, and sentenced to a term in the penitentiary.

The evidence was sufficient to sustain the jury's verdict as to every element of the crime charged. Pirlot and another Belgium citizen, both officers of the Belgium Merchant Marine, were picked up by appellants and Owens on the streets of Mobile, Alabama, and carried out on Highway 98 toward Mississippi. After crossing the Escatawpa River, they drove off the highway to a point under and near the west end of the Escatawpa River bridge, where appellants and Owens made a sudden assault on Pirlot and Hoez, in which the latter were beaten to unconsciousness, and Pirlot was robbed of about $25.00 and a souvenir bottle of Rum. Pirlot was beaten with an iron worker's wrench. Pirlot and Hoez were severely beaten and were bloody from the assault, and left where they were beaten.

Appellants contend that the court erred in admitting in evidence before the corpus delicti was proven statements made by Speece to the arresting officers on the morning after the crime was alleged to have been committed. It was testified that Speece then admitted to the arresting officers that he and Cazalas and Owens had picked up Belgium Seamen and taken them in an automobile out on the road to Mississippi and engaged in a fight with them, and the officers testified that Speece made conflicting statements about how his clothes became bloody. Appellants say this violated the rule that defendant's confession may not be admitted before

the corpus delicti is proven. But the officers testified that Speece denied the crime with which he was later charged, so the statements attributed to Speece were not a confession. ■■ ■ A confession is a voluntary statement of the accused, acknowledging that he is guilty of the crime charged. It is a voluntary declaration of his agency or participation in the crime. Fortner v. State, (Miss.) 56 So. 2d 17. ■■■ No case has been cited holding that a statement or admission not amounting to a confession is within the stated rule.

■■ ■ Appellants contend that the State failed to prove beyond a reasonable doubt that the location or scene of the alleged crime was in George County, Mississippi. There was no dispute as to the exact spot on the ground where the crime was committed; it was under and near the west end of the 1365 foot-long bridge over the Escatawpa River where Highway 98 Crosses the river at the eastern edge of George County, Mississippi. The spot was pointed out to more than a half dozen witnesses before the trial, and they testified in relation to this spot. All testified it was in George County, Mississippi. None said the line between Mississippi and Alabama was in dispute at that place. There are three signs on the highway—one at each end of the bridge, and one on the bridge which the witnesses understood was the line between the States, and the location of the scene of the crime was west of that sign. It was amply shown that it was generally accepted and understood that the scene of the crime was west of the State line. One witness helped survey the State line; another had surveyed a quarter of a mile south of the scene; another had cut timber in relation to the State line; one witness had worked for a construction company that had a contract with the State of Mississippi for building a part of the bridge, and the Mississippi construction extended east of the scene of the crime. Several of the witnesses testified they knew the location of the State

line by reason of long familiarity with the area and their ownership of land lying on the State line. No survey was introduced. None of the witnesses claimed that they knew where a line run from what was formerly the northwest corner of Washington County, Alabama, in a direct line to a point ten miles east of the Pascagoula River on the Gulf of Mexico (Miss. Constitution, Sec. 3) would pass with reference to the scene of the crime. Appellants offered no proof.

Appellants rely largely on the Sage Patch case, Presley v. State, 217 Miss. 112, 63 So. 2d 551. That case is not in point. It involved a wholly different state of facts at a different place on the State line in another county. The Sage Patch case was correctly decided on the particular facts there existing, but that case alone does not create a cloud on the location of the State line at any other point. We have carefully considered the evidence and hold that the State proved beyond a reasonable doubt that the crime was committed in George County, Mississippi; to hold otherwise would create a no-man's land where crimes could be committed with impunity.

■■■ It is next argued that the iron worker's wrench employed by appellants in the robbery was not such a weapon that the jury could have found it was a deadly one. The jury was properly instructed on this question. The rule is that where the weapon is not one characterized by statute as a deadly weapon, whether or not a weapon is a deadly one is for determination by the jury. Gray v. State, 220 Miss. 220, 70 So. 2d 524; Batteast v. State, 215 Miss. 337, 60 So. 2d 814; Cf. Donaldson v. State, 76 So. 2d 848, and Lovern v. State, 30 So. 2d 511.

Other assignments of error were made. We have examined all of them, including the instruction about which there is complaint, and from the whole record we find no reversible error.

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle, and Arrington, JJ.,*
concur.