## COBB *v.* STATE

No. 40759 March 17, 1958 101 So. 2d 110

*Jones & Stratton*, Brookhaven, for appellant.

*J. R. Griffin*, Asst. Atty. Gen., Jackson, for appellee.

**HOLMES, J.**

This is an appeal from a conviction for assault and battery with intent to kill and murder, wherein the maximum penalty of ten years in the State penitentiary was imposed. The appellant defended on the ground of self-defense. He contends on this appeal that the proof is not only insufficient to establish his guilt, but on the contrary, establishes his claim of self-defense, and that, therefore, the trial court was in error in refusing his request for a peremptory instruction.

 █ We need not detail the evidence. We have carefully and assiduously examined the record, and while we are always reluctant to disturb the jury's finding on issues of fact where the evidence is conflicting, we have reached the conclusion that in view of the direct contradictions in the State's proof taken alone, and of the material conflicts in the evidence as a whole, reasonable men engaged solely in a search for truth and uninfluenced by other considerations could not safely accept and act upon the evidence as produced, and that another jury should be permitted to pass on the case. We, therefore, reverse and remand the case in order that another jury may pass on it. Precedent for so doing is afforded by this Court in the cases of Upton v. State, 192 Miss. 339, 6 So. 2d 129; Ashford v. State, 6 So. 2d 471; and Ladner v. State, 9 So. 2d 878.

In view of the fact that we are remanding the case for a new trial, we deem it appropriate that we pass upon

the appellant's assignment that the trial court erred in granting to the State the following instruction:

"The court instructs the jury for the State that if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Ivy Cobb, in and upon one T. W. Sullivan, then and there did wilfully, unlawfully, feloniously, and of his malice aforethought make an assault and battery with a certain deadly weapon, to wit, a handsaw, held in his hands, with said handsaw, did then and there strike, cut and wound the said T. W. Sullivan, with intent of him, the said Ivy Cobb, wilfully, unlawfully, feloniously, and of his malice aforethought to kill and murder the said T. W. Sullivan, then the defendant is guilty as charged and it is your sworn duty to so find, and in that event the form of your verdict may be: 'We the jury find the defendant guilty as charged.' "

It is the appellant's contention that this instruction assumes as a fact that the handsaw in question was a deadly weapon and that since a handsaw is not enumerated as a deadly weapon in our statute, Section 2011, Code of 1942, it was a question for the jury to determine whether the handsaw as used on the occasion in question was a deadly weapon. ██ █ Of course, the question whether an instrumentality not enumerated in the statute is a deadly weapon is a question for the determination of the jury. Batteast v. State, 215 Miss. 337, 60 So. 2d 814; Saffold v. State, 76 Miss. 258, 24 So. 314; State v. Sims, 80 Miss. 381, 31 So. 907; Lott v. State, 130 Miss. 119, 93 So. 481; Cazalas v. State, 86 So. 2d 497. ██ We do not think that the instruction complained of, considered as an entirety, assumes that the handsaw was a deadly weapon. The nature of the weapon and the felonious assault were facts to be determined and found by the jury "from the evidence in this case beyond a reasonable doubt."

Moreover, this contention of the appellant has been decided by this Court adversely to him in the case of Bat-

teast v. State, supra, and Golden v. State, 223 Miss. 649, 78 So. 2d 788. As was said in the Batteast case, however, we think that upon another trial of this case the State's instruction should more clearly submit to the jury the question whether the handsaw in question was a deadly weapon.

Reversed and remanded.

*McGehee, C. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.