290 So.2d 625 (1974)
Arcurtis SHANKLIN
v.
STATE of Mississippi.
No. 47834.
Supreme Court of Mississippi.
February 18, 1974.
*626 Whitman D. Mounger, Greenwood, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
This is an appeal from a judgment of conviction and sentence of Arcurtis Shanklin on a charge of assault and battery with intent to kill and murder one Benny Jack Williams. The trial occurred in Sunflower County, Mississippi in which Parchman State Penitentiary is located. The parties involved are prisoners in the state penitentiary.
It appears from the record in this case that on January 28, 1973, Benny Jack Williams was a full trusty at Camp 4, Mississippi State Penitentiary, and that early in the morning about daybreak, he was asleep on his bed in the trusty section of the prison. The defendant and two other prisoners came into the trusty section and inquired of another prisoner as to the location of Benny Jack Williams. After the defendant went to the bed where Williams was asleep, he and his companions left. A short time later Shanklin returned and went directly to the bed where Williams slept. He took an iron pipe [part of an iron bed] from his sleeve and struck Williams on the head between the eyes. The blow was so severe and with such force as to crush the sinus, nose and eye area of Williams' face, and also to crack his skull. He is now blind. Williams testified that he was asleep and that he did not know who struck him.
The defendant admitted striking Williams, but testified that Williams was attempting to cut him with a "Dutch knife" or hunting knife, at the time he withdrew the iron pipe from his sleeve and struck Williams. The defendant testified that Williams had previously threatened him in the dining room. He denied that another prisoner had paid him to strike Williams.
The state offered the Chief of Security Officer for the penitentiary in rebuttal, who testified that he warned the defendant of his rights and talked to him about the attack on the trusty Williams. He said the defendant told him that a prisoner designated as Big Junior had offered the defendant ten dollars ($10.00) to strike Williams and did, in fact, pay him five dollars ($5.00); and that Big Junior gave him the metal pipe which he used to strike Williams. He told the officer why Big Junior [whose name is Artus McCrory] wanted him to attack the trusty.
The appellant contends that the evidence is insufficient and the verdict is against the great weight of the testimony. This argument is based largely upon the theory that the testimony is insufficient to show beyond a reasonable doubt that the weapon used was a "deadly weapon", or that the *627 defendant intended to kill the trusty Williams.
Of course, the State of Mississippi is required to prove the elements of the charge in the indictment under Section 97-3-7, Mississippi Code Annotated (1972).[1]
We have often held that the question as to whether or not the instrument used is a deady weapon or the force used was likely to produce death are questions of fact for the determination of the jury.[2]
Intent to do an act or commit a crime is also a question of fact to be gleaned by the jury from the facts shown in each case. The intent to commit a crime or to do an act by a free agent can be determined only by the act itself, surrounding circumstances, and expressions made by the actor with reference to his intent. Thompson v. State, 258 So.2d 448 (Miss. 1972); Lee v. State, 244 Miss. 813, 146 So.2d 736 (1962).
It is presumed, therefore, in absence of evidence to the contrary that a sane person intends the necessary, or natural and probable consequences of his voluntary act. Hydrick v. State, 246 Miss. 448, 150 So.2d 423 (1963); Lee v. State, 244 Miss. 813, 146 So.2d 736 (1962); Heard v. State, 177 Miss. 661, 171 So. 775 (1937).
We are of the opinion that there was ample testimony introduced by the state on which the jury could properly determine that the iron pipe used by the defendant was a deadly weapon, and that the force and manner with which it was used proved the intent of the defendant to kill Benny Jack Williams.
The contention of the appellant that he was not permitted to show that there was a feeling of animosity between the defendant and the injured party, Benny Jack Williams, is not well taken; because, the witness testified as to an incident when he said they "got into it there and that could have been some reason because I seen they were kind of tight." He said that he did not know of any threats made by Benny Jack Williams. We think the trial court made no error in excluding the opinion evidence of the witness, even if he had said that he thought there was enmity between the parties. Harvey v. State, 207 So.2d 108 (Miss. 1968).
The appellant contends that he was not permitted to cross-examine a witness offered by the state in rebuttal to certain testimony given by the defendant, so as to test the credibility of the witness. The trial court held that the questions asked were not relevant to the issue in the instant case. A defendant can, of course, question a witness to determine his credibility as a witness [Prewitt v. State, 156 Miss. 731, 126 So. 824 (1930)]; but as to how far afield the testimony may be extended is largely within the sound discretion of the trial judge. [Compare Shorter v. State, 257 So.2d 236 (Miss. 1972)]; Underhill, Criminal Evidence (4th ed.) § 399, *628 at 788 (1935); 58 Am.Jur. Witnesses § 621, at 343 (1948).
Whether a question put on cross-examination calls for collateral fact, or whether it is within the scope of the direct examination is always for the court to determine. The court's discretion, where properly exercised, will not be interfered with on appeal.
We are of the opinion that the trial judge did not commit reversible error by refusing to permit the state witness to surmise why others had not been questioned in the case.
We find no reversible errors in this record and must, therefore, affirm the judgment and sentence of the trial court.
Affirmed.
PATTERSON, INZER, SUGG and WALKER, JJ., concur.
NOTES
[1] Every person who shall be convicted of shooting at another, or of attempting to discharge any firearms or air-guns at another, wilfully; or of any assault or assault and battery upon another with any deadly weapons or other means or force likely to produce death, with intent to kill and murder or to maim, ravish, or rob such other person; or in the attempt to commit any murder, rape, manslaughter, burglary, larceny, or other felony; or in resisting the execution of any legal process, or any officer or private person lawfully attempting to arrest him or any other person  shall be imprisoned in the penitentiary not more than ten years, or shall be punished by a fine of not more than one thousand dollars, or by imprisonment in the county jail not more than one year or by both.
[2] Johnson v. State, 230 So.2d 810 (Miss. 1970) "Shoe clad foot" case; Cobb v. State, 233 Miss. 54, 101 So.2d 110 (1958); Golden v. State, 223 Miss. 649, 78 So.2d 788 (1955); Gray v. State, 220 Miss. 220, 70 So.2d 524 (1954); Smith v. State, 49 So.2d 244 (Miss. 1950); Bolin v. State, 209 Miss. 866, 48 So.2d 581 (1950); Lott v. State, 130 Miss. 119, 93 So. 481 (1922); Saffold v. State, 76 Miss. 258, 24 So. 314 (1898).