797 So.2d 365 (2001)
Sidney SPANN, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00772-COA.
Court of Appeals of Mississippi.
May 29, 2001.
Rehearing Denied July 31, 2001.
Certiorari Denied October 31, 2001.
*366 Dan W. Duggan Jr., Brandon, for Appellant.
Office of the Attorney General by John R. Henry Jr., for Appellee.
Before SOUTHWICK, P.J., BRIDGES, and LEE, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Sidney Spann, Jr. was convicted of aggravated assault upon a law enforcement officer after a jury trial in Rankin County Circuit Court. On appeal, Spann argues that the court erred in denying his motion for a directed verdict, a judgment notwithstanding the verdict, or in the alternative a new trial. We disagree with these contentions and affirm.

FACTS
¶ 2. In the early morning hours, the prisoners housed in the Rankin County Jail began a disturbance that caused the toilets and lavatories to overflow onto the floor. To restore order and clean the area, the officers first needed to clear the cells of all the prisoners. While removing the prisoners, one prisoner, Spann, started using vulgar language. This indicated to the officers that they would have trouble removing him. Therefore, Spann was left as the last prisoner to be removed.
¶ 3. Several officers tried to talk Spann into exiting the cell. However, Spann refused to leave and backed into the corner with his hand behind his back. At this time Officer Jim Burkett, the jail administrator, walked into the cell. Burkett and Deputy Calendar both testified that as they entered the cell, Spann swung his hand around from his back. Burkett attempted to block the blow with the help of Calendar. However, Burkett was stabbed in the side with a sharp object. He stated that he was bleeding and in pain. Burkett *367 was treated at the medical facilities at the jail.
¶ 4. Spann was subdued and removed from the cell. Deputy Eklund testified that he then found a toothbrush near the area where Spann was standing. One end of the hard plastic toothbrush had been filed down to a sharp point. No one had seen anything in Spann's hand.
¶ 5. During the trial, Spann's cellmate at the time of the incident, testified that Spann did not do anything. He stated that the officers rushed Spann for no reason. Spann also testified and denied any wrong doing. The jury found Spann guilty of aggravated assault.

DISCUSSION
¶ 6. Spann argues that the trial court erred in denying its motion for a directed verdict, judgment notwithstanding the verdict or in the alternative a new trial. A motion for a directed verdict or a judgment notwithstanding the verdict tests the sufficiency of the evidence. May v. State, 460 So.2d 778, 781 (Miss.1984). On appeal, we must consider all of the evidence presented in the light most favorable to the State. Id. In addition, the State is given the benefit of any reasonable inferences that may be drawn from the evidence. Gavin v. State, 473 So.2d 952, 956 (Miss.1985). Denial of the motion is reversible error only when a reasonable jury could not have found the defendant guilty beyond a reasonable doubt when considering all the facts and inferences. Id.
¶ 7. As for a motion for a new trial, the test on appeal examines the weight of the evidence and is within the discretion of the trial judge. May, 460 So.2d at 781. A new trial is not granted unless allowing the conviction to stand would "sanction an unconscionable injustice." Id.
¶ 8. Aggravated assault requires 1) an attempt to cause of purposely or knowingly causing bodily injury 2) upon a law enforcement officer acting within the scope of his duty and 3) with a deadly weapon or other means likely to produce death or serious bodily injury. Miss.Code Ann. § 97-3-7(2) (Rev.2000). Spann argues that the State did not prove the element of its prima facie case that the object was a dangerous weapon. Whether an object that is not inherently dangerous is a deadly weapon is a question for the jury. Rushing v. State, 753 So.2d 1136, 1146 (Miss.Ct.App.2000) (citing State v. Sims, 80 Miss. 381, 31 So. 907, 907 (1902)).
¶ 9. Officer Burkett and Officer Calendar testified that Spann was acting aggressively with his hand behind his back. When Burkett tried to remove Spann from the cell, Spann brought his hand from behind his back toward Burkett. Burkett and Calendar were able partially to block the blow. Burkett was struck in the side with a sharp object that broke the skin and caused it to bleed. The toothbrush was not seen in Spann's hand, but it was found nearby after the blow was struck. Eklund testified from his training and experience as a law enforcement officer that this toothbrush with the sharpened end could cause serious bodily injury. The toothbrush was admitted into evidence and the jurors could determine if they believed it could cause serious bodily injury. An instruction was given on simple assault, which was an appropriate lesser-included offense if the jurors did not accept that the sharpened toothbrush could cause serious bodily injury.
¶ 10. It is true that Spann and his cellmate testified that Spann did not strike Burkett. When there is conflicting testimony, the jury's duty is to resolve it. McNeal v. State, 617 So.2d 999, 1009 (Miss.1993). The State presented testimony *368 that supports the verdict. There was no error in denying the motions that either would have acquitted Spann or required a new trial.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF AGGRAVATED ASSAULT ON A POLICE OFFICER AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
McMILLIN, C.J., KING, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.