CHANDLER, J.,
for the court.
¶ 1. Ronald Walls appeals to this Court for a second time after we reversed and remanded his prior conviction for aggravated assault for a new trial with instruction that the jury should be instructed as to the lesser-included offense of simple assault. A new trial was held and Walls, with the benefit of full jury instructions, was again convicted of the aggravated assault of Judy Kesler and sentenced to twenty year’s imprisonment with ten years suspended. He now argues that the State presented insufficient evidence to prove the crime of aggravated assault; therefore, the trial judge erred in denying his motion for a judgment notwithstanding the verdict (JNOV). Finding no error, we affirm.
FACTS
¶ 2. The facts of this case were adequately stated in Walls v. State, 759 So.2d 483 (Miss.Ct.App.2000):
According to the State’s proof, Walls forced his way into the home of another person where his former girlfriend, Judy Kesler, was temporarily residing. At the time, Kesler was alone at the residence. According to Kesler’s testimony, Walls physically assaulted her with his fists, drug her around the residence by her hair, and then beat her about the head with a knife, using the handle of the knife as a blunt instrument. He then forced her to leave the residence and took her to an abandoned trailer where he had apparently been staying. Walls forced her to remain there against her will as he pleaded with her for forgiveness and for a reconciliation in their relationship. Kesler’s new companion returned home and, finding Kesler gone and seeing signs of a struggle, alerted the police. The police were able to locate Walls and Kesler at the trailer where Kesler was liberated and Walls was placed under arrest.
Walls, 759 So.2d at 485 (¶ 3).
LAW AND ANALYSIS
¶ 3. Walls appeals from the denial of his motion for a JNOV, challenging the sufficiency of the evidence in support of his armed robbery conviction. Walls contends that although he used a knife against the victim, he did not use it in a deadly manner; therefore, the knife could not be called a deadly weapon for the purposes of the statute. The State responds that the issue of whether the butt of Walls’s knife constitutes a deadly weapon is a factual question to be answered by the jury.
¶ 4. When reviewing a trial court’s denial of a motion for a directed *720 verdict or JNOV, this Court considers “the sufficiency of the evidence as a matter of law ... in a light most favorable to the State.” McClain v. State, 625 So.2d 774, 778 (Miss.1993). We will accept any credible evidence that supports guilt as true, granting the prosecution “the benefit of all favorable inferences that may reasonably be drawn from the evidence.” Wetz v. State, 503 So.2d 803, 808 (¶ 14) (Miss.1987). This Court will only reverse where a reasonable, fair-minded juror could not have found one of the required elements of the crime. Gleeton v. State, 716 So.2d 1083, 1087 (¶ 14) (Miss.1998).
¶ 5. The statute under which Walls was indicted and convicted reads as follows:
(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm ....
Miss.Code Ann. § 97-3-7 (Rev.2000).
¶ 6. Walls’s argument suggests that, although a knife is typically considered a deadly weapon, it is not when used in a manner other than cutting or stabbing. This argument, however, disregards the line of cases in which our courts have addressed similar situations. As this Court has stated, “[wjhether an item which is not inherently dangerous may become a deadly weapon based upon its use is a question of fact to be determined by the jury.” Rushing v. State, 753 So.2d 1136, 1146(¶ 48) (Miss.Ct.App.2000).
¶ 7. In Harrison v. State, we held that a closed fist could be considered a deadly weapon. Harrison v. State, 737 So.2d 385, 389(¶ 12) (Miss.Ct.App.1999). We reasoned that, although not inherently deadly, the manner in which a fist was used created an issue of fact for the jury to resolve. Id. In affirming Harrison’s conviction for aggravated assault, we emphasized that the force of his fist “knocked [the victim] across a table to the floor, knocked out a tooth, cut his lip, and broke his glasses.” Id. See also Jackson v. State, 594 So.2d 20, 23 (Miss.1992); Spann v. State, 797 So.2d 365, 367(¶ 9) (Miss.Ct.App.2001) (stating that jury could find a toothbrush whose hard plastic handle had been sharpened and used to stab a victim could be a deadly weapon).
¶ 8. Although we can imagine situations where the intentional use of the butt of a knife would not constitute the use of a deadly weapon, such circumstances are not presented in the case sub judice. We stated in our previous opinion, the knife was “a large, long double-edged Willis and Fink knife with a decorative gold metal end, containing several pointed tips.... ” Walls, 759 So.2d at 493(¶ 29). Kesler testified that Walls used the knife’s metal butt to strike her on the back of the head six or seven times “with all the force he had.” Dr. Loyd Hopkins, the physician who examined Kesler immediately after the incident, testified to the existence of several blunt contusions at the back of her neck. According to Hopkins, the contusions were caused by the metal points on the butt of the knife. Hopkins concluded that the butt of the knife was certainly capable of inflicting serious injury when used as a bludgeoning device. While Kes-ler was fortunate and the injuries caused were not life threatening, Walls concedes that proof of serious bodily injury is not an element of aggravated assault. See Gayle v. State, 743 So.2d 392, 403(¶ 44) (Miss.Ct.App.1999). Lastly, the court gave several instructions on simple assault, which was an appropriate lesser-included offense if *721 the jurors did not accept that the knife butt could cause serious bodily injury. Because the evidence and testimony clearly demonstrate that the butt of Walls’s knife was likely to cause serious bodily harm when used forcefully as a bludgeoning device, we find no merit in this assignment of error.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TEN YEARS SUSPENDED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ„ CONCUR.